**UNITED STATES of America,**
Appellee,

v.

**William GANTT, alias Jim Gantt,**
Appellant.

No. 8478.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 3, 1962.

Decided Jan. 10, 1962.

Phillip K. Wingard, Lexington, S. C. (Blease Ellison, Lexington, S. C., on the brief), for appellant.

William A. Horger, Asst. U. S. Atty., Columbia, S. C. (Terrell L. Glenn, U. S. Atty., Columbia, S. C., on the brief), for appellee.

Before SOPER, HAYNSWORTH and BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

After his conviction upon a charge of transportation and possession of illicit whisky, the defendant sought a new trial based upon the confessions of two others and their exoneration of the defendant. The District Judge denied the motion after a hearing, during which much testimony was taken. He found incredible the confessants' exoneration of the defendant. It was his

province to determine its credibility. We affirm, for the findings upon which he based his denial of the motion are not reviewable in this court.

At the trial, two law enforcement agents testified that they were proceeding along a small, field road toward a still, which, from the sounds to which they had been listening, they knew to have been in operation. As they approached, they heard an automobile start, and, presently, an automobile emerged from a woods road onto the field road. They testified the automobile passed within six feet of one of the officers, and that the other was only three or four feet behind the first. Both of the officers testified that they knew the defendant, that they recognized him as the driver of the automobile, and that one of them addressed the defendant by name as he passed, saying it was needless for him to attempt to escape because he was known. The automobile did not stop, however, but, after rounding a turn, was abandoned a short distance away when it lost a rear tire into which the officers had shot after the driver of the automobile had passed and refused to stop.

According to the testimony, this occurred shortly after noon in broad daylight.

When the officers discovered the abandoned automobile, they noticed the footprints of two individuals leading away from it. They had testified that, when the car passed them, there was a passenger in it, in addition to the driver, the defendant. They did not know the passenger, but his appearance was not unlike that of one of the later confessants.

The abandoned automobile, of course, was found to contain a load of illicit whisky.

At the trial, the defendant did not testify himself, but he offered a number of other witnesses in an effort to establish an alibi. The sole question, therefore, was one of identity—whether the 31-year-old defendant was the driver of the car, as the officers testified, or whether he was not present at all.

After his conviction, the defendant contacted one Jefcoat, a young man approximately 19 years old, then in the Army, and one Tindal, a 16-year-old boy, and obtained from them confessions that they were the operators of the still, and that Jefcoat was the driver of the automobile and Tindal, the passenger. They so testified at the hearing on the motion for a new trial, though Tindal said that he was crouched down in the floor of the automobile where the officers could not see him.[1] According to their testimony the defendant was not present at the still or in the automobile.

During the hearing on the motion for a new trial, the District Judge noticed discrepancies in the testimony of the confessants, and defendant's counsel does not attempt to deny that Jefcoat testified falsely about some matters. They displayed enough familiarity with the still site to lead the District Judge to express the opinion that he thought that they had a part in the operation of the still, but it did not lead him to the conclusion that the officers were mistaken in their identification of the defendant, a man known to them, as the driver of the car.

Finally, it appeared that the defendant was a probationer. He had a year to serve on an earlier sentence and he was sentenced to serve one year on the present conviction, to begin upon expiration of the earlier sentence. Suggestive of a possible motive for impli-

1. This led to the suggestion that there may have been three individuals involved, the defendant and the two boys, since the officers positively testified that they saw and recognized the defendant driving the car and saw a passenger who looked much like Jefcoat. Their testimony at the trial that they observed two sets of footprints leading away from the abandoned automobile would indicate, though certainly not conclusively, that there were only two individuals in the automobile at the time it passed the officers.

cating themselves and falsely exonerating the defendant, reference was made at the trial to the usual practice of the District Judge to put first offenders in whisky cases, particularly those of youthful years as Jefcoat and Tindal, on probation. It is suggested that if they were assured of no more than a suspended sentence, they might be amenable to participation in confessions intended to exonerate the defendant, if the defendant offered sufficient inducement.

■ We recently dealt with a very similar question. In Jones v. United States, 4 Cir., 279 F.2d 433, the question was the identity of two bank robbers. After the conviction of the two defendants, a confessant was produced who swore that he and another, whom he refused to identify, were the perpetrators of the crime, while the two defendants were innocent. The District Judge there granted a hearing, after which he denied the motion for new trial. There was an appeal to this court on the ground that it was beyond the province of the District Judge to consider the credibility of the testimony, and that he was required to grant a new trial so that another jury might try the whole case, including the testimony of the confessant. We held expressly that where there is a question of the credibility of the new evidence offered as newly discovered, the trial judge in considering the motion for new trial acts as the finder of fact. In doing so, we followed the command of the Supreme Court in United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562. For the reasons we gave in Jones, we follow the same course here.

Other Courts of Appeals have held emphatically that the findings of the District Court upon motions for new trial based upon after discovered evidence are not reviewable upon appeal, except under extraordinary circumstances, or for an abuse of his discretion, and that the applicant is not entitled to reconsideration *de novo* on appeal.[2]

■ His counsel, apparently convinced of his client's innocence of this offense, strenuously contends that this is the exceptional case in which the findings of the District Court, upon which the denial of the motion is based, should be reviewed and overturned. We do not think so. The District Court gave careful consideration to all of the testimony offered at the hearing on the motion. The discrepancies he found in the testimony of Jefcoat and Tindal are there, and there was a basis for his conclusion that their testimonial exoneration of the defendant was not sufficient to overcome the positive and unequivocal identification of the arresting officers in light of their prior knowledge of the defendant and their immediate recognition of him. The question was one of the credibility of the evidence taken at the hearing on the motion for new trial considered along with the testimony taken at the trial. It was for the District Judge, who heard the testimony, to determine that question. It may not be reconsidered here.

The motion was addressed to the discretion of the District Judge, and his findings in denying the motion, supported by the record as they are, are not reviewable.

Affirmed.

2. La Porta v. United States, 5 Cir., 266 F. 2d 645; Tomley v. United States, 5 Cir., 260 F.2d 468; Newman v. United States, 5 Cir., 238 F.2d 861; Gordon v. United States, 6 Cir., 178 F.2d 896; Connelly v.

United States, 8 Cir., 271 F.2d 333; Apel v. United States, 8 Cir., 247 F.2d 277; Nilva v. United States, 8 Cir., 212 F.2d 115; Jeffries v. United States, 9 Cir., 215 F.2d 225, 15 Alaska 83.