UNITED STATES, Appellee,

v.

Joseph BACON, Jr., Private First Class,
U. S. Army, Appellant.

No. 39,820.
CM 438981.

U. S. Court of Military Appeals.

April 19, 1982.

**490**

For Appellant: *Captain Joseph A. Russelburg* (argued); *Lieutenant Colonel John F. Lymburner,* and *Major Robert D. Ganstine* (on brief); *Major Raymond C. Ruppert.*

For Appellee: *Captain Eugene R. Milhizer* (argued); *Major Ted B. Borek,* and *Captain Rexford T. Bragaw, III* (on brief); *Colonel R. R. Boller, Major John T. Edwards, Captain Paul K. Cascio.*

*Opinion of the Court*

FLETCHER, Judge:

█ Appellant[1] before us contends that the United States Army Court of Military Review improperly denied his petition for a new trial brought under Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873. We granted review of the following issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN DENYING THE APPELLANT'S PETITION FOR A NEW TRIAL SOLELY BECAUSE THAT COURT DETERMINED THAT A HYPOTHETICAL COURT–MARTIAL AT A NEW TRIAL WOULD DETERMINE THAT THE EVIDENCE OF RECORD WAS MORE CREDIBLE THAN THE CONFLICTING NEWLY DISCOVERED EXCULPATORY EVIDENCE.

After close scrutiny we conclude that the lower court did not abuse its discretion as guided by paragraph 109*d,* Manual for Courts-Martial, United States, 1969 (Revised edition).

I

At appellant's trial, the principal prosecution witness was Sergeant William L. De-Bord, an undercover member of the drug suppression team at Coleman Barracks. Sergeant DeBord testified that on the evening of May 10, 1979, he and a confidential informant, Private First Class Kinard, went to an Army barracks for the purpose of buying a quantity of heroin from an individual known to DeBord as "Michael or Dorsey." Once inside the barracks, Sergeant DeBord and Private First Class Kinard were met by Michael Henderson. De-Bord, Kinard, and Henderson went upstairs to a room where they met Dorsey. DeBord was introduced to Dorsey and told Dorsey that he (DeBord) would like to purchase heroin. Dorsey said that he could make the sale and the four individuals walked across the hallway to a second barracks room. Two or three minutes later appellant entered the room. Henderson did most of the talking during the subsequent discussions concerning the drug sale and DeBord gave Henderson $50. Appellant and Henderson then left the room. Henderson returned a couple minutes later and Henderson told DeBord that they would have to wait awhile. DeBord, Kinard, Henderson, and Dorsey stayed in the room approximately

---

1. Private First Class Bacon was tried at a general court-martial before a military judge sitting alone and found guilty of one charge, and one specification each, of possession of heroin and sale of heroin, both in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence as approved and affirmed includes a bad-conduct discharge, confinement at hard labor for 3 years, total forfeitures and reduction to E–1.

forty minutes. DeBord and Kinard then left the room and went outside. Henderson also went outside. A few minutes later a person whom DeBord testified was appellant allegedly approached DeBord and handed him a small paper packet containing heroin. The transfer was observed by a second military policeman, Specialist Tesch, who was approximately 70 to 100 yards away. Although he was previously acquainted with the appellant, had observed the transaction clearly, and glimpsed the person who was with DeBord as he walked past his car, Tesch testified that he was not certain that the person whom he observed with DeBord was appellant. Sergeant De-Bord[2] did not previously know appellant, and he learned the name "Bacon" from Specialist Tesch.

On advice of counsel, Henderson refused to testify, and he did not testify at appellant's trial. Following appellant's trial, Private Henderson made a hand written unsworn statement in which he admitted his own exclusive guilt of the offenses for which appellant stands convicted. Prior to action by the Army Court of Military Review on appellant's petition for a new trial based upon this newly discovered evidence, Private Henderson, after consulting with his own counsel, voluntarily submitted an affidavit which contradicts DeBord's trial testimony and exculpates appellant.

The Army Court of Military Review in its unpublished opinion found that even though appellant made no effort to call Henderson at trial, and "[a]lthough there is some question under the circumstances of this case whether the evidence can be considered as newly discovered, there is authority for so holding." The court concluded, however, that they were (footnote omitted)

> satisfied . . . that the evidence would not produce a more favorable result for the appellant if considered by a court-martial. If Henderson were to testify at a new trial, the basic issue would be one of

credibility. Sergeant DeBord was an eyewitness who consistently identified the appellant as the person who transferred the heroin to him. We are convinced that as between DeBord and Henderson the issue of credibility would be resolved in favor of the former.

II

When a petitioner seeks a new trial on the grounds of newly discovered evidence, he must "affirmatively establish that an injustice has resulted from the findings" as well as:

(a) That the evidence is in fact newly discovered, . . . ;

(b) That the evidence is not such that it would have been discovered . . . at the time of trial in the exercise of due diligence;

(c) That the . . . evidence, if considered by a court-martial in the light of all other pertinent evidence, would probably produce a substantially more favorable result for the accused.

Para. 109d, Manual, *supra. See United States v. Chadd*, 13 U.S.C.M.A. 438, 442, 32 C.M.R. 438, 442 (1963); *United States v. Walters*, 4 U.S.C.M.A. 617, 625, 16 C.M.R. 191, 199 (1954); *United States v. Thomas*, 3 U.S.C.M.A. 161, 166, 11 C.M.R. 161, 166 (1953); *United States v. McCarthy*, 43 C.M.R. 447, 451 (A.C.M.R.1970). The burden is heavier than that borne by an appellant during the normal course of appellate review. *United States v. Walters, supra; United States v. Brozauskis*, 46 C.M.R. 743, 751 (N.C.M.R.1972). These requirements track those for granting a new trial in the federal civilian practice. *See, e.g., United States v. Harris*, 534 F.2d 1371 (9th Cir. 1976), *cert. denied*, 429 U.S. 847, 97 S.Ct. 132, 50 L.Ed.2d 120 (1976); *United States v. Slutsky*, 514 F.2d 1222 (2d Cir. 1975); *Evalt v. United States*, 382 F.2d 424 (9th Cir. 1967); Fed.R.Crim.P. 33. Under the facts

---

2. Prior to appellant's court-martial, DeBord was called as a witness at an Article 32 investigation of Dorsey. At that hearing, Sergeant DeBord misidentified Dorsey as appellant. As the Court of Military Review noted:

True, at the Article 32 hearing DeBord referred to the appellant as "Dorsey." We are satisfied, however, that this was only a mistake as to the appellant's name and not to his identity.

presented we are unable to perceive an abuse of discretion in the intermediate court's conclusion that a new trial "would not produce a [substantially] more favorable result."

It must be remembered that the determination of sufficient grounds for granting a petition for new trial in the military rests "within the [sound] discretion of the authority considering . . . [that] petition." *United States v. Lebron,* 46 C.M.R. 1062, 1066 (A.F.C.M.R.), *pet. denied,* 22 U.S. C.M.A. 622, 46 C.M.R. 1323 (1973); *United States v. Robinson,* 12 C.M.R. 860, 883 (A.F. B.R.), *pet. denied,* 3 U.S.C.M.A. 839, 14 C.M.R. 228 (1953). In exercising their discretion, the Courts of Military Review have the "prerogative" of weighing "testimony at trial against the" post-trial evidence "to determine which is credible." *United States v. Brozauskis, supra* at 751; *see United States v. Turner,* 7 U.S.C.M.A. 38, 21 C.M.R. 164 (1956); *United States v. Valenzuela,* 7 U.S.C.M.A. 45, 21 C.M.R. 171 (1956). These courts "are free to exercise . . . [t]heir fact finding powers. *See* Article 66(c), UCMJ," 10 U.S.C. § 866(c). *United States v. Brozauskis, supra* at 752. This is limited solely in that broad discretion must not be abused. *United States v. Thomas, supra.*

Military practice is closely analogous to its federal civilian counterpart. In the federal practice, "[a] motion for a new trial on the ground of newly discovered evidence is not regarded with favor and should be granted only with great caution." *Casias v. United States,* 350 F.2d 317 (10th Cir. 1965), *cert. denied,* 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065 (1963). *See United States v. Slutsky, supra; United States v. Kozak,* 438 F.2d 1062, 1067 (3d Cir. 1971), *cert. denied,* 402 U.S. 996, 91 S.Ct. 2180, 29 L.Ed.2d 162 (1971); *United States v. Bostic,* 360 F.Supp. 1305, 1309 (E.D.Pa.1973), *aff'd,* 535 F.2d 1248 (3d Cir. 1976), *cert. denied,* 429 U.S. 840, 97 S.Ct. 112, 50 L.Ed.2d 108 (1976). The evidence which serves as the basis for such a motion may be judged by the reviewing body both in terms "of credibility as well as of materiality." *Jones v. United States,* 279 F.2d 433, 436 (4th Cir. 1960),

*cert. denied,* 364 U.S. 893, 81 S.Ct. 226, 5 L.Ed.2d 190 (1960); *United States v. Maddox,* 444 F.2d 148, 152 (2d Cir. 1971); *United States v. Gantt,* 298 F.2d 21 (4th Cir. 1962). As in the military practice, the federal civilian standard for review is abuse of discretion. *United States v. Maddox, Casias v. United States, United States v. Gantt, Jones v. United States, United States v. Bostic,* all *supra.*

Of course, the provisions of Article 73 are not designed to permit an accused to relitigate general matters which were presented below and decided adversely to him. *United States v. Troutt,* 8 U.S.C.M.A. 436, 438, 24 C.M.R. 246, 248 (1957); *United States v. Johnson,* 28 C.M.R. 662, 686 (N.B. R.1959). Moreover, an accused will not be granted a new trial merely because his trial tactics failed. *United States v. Mundy,* 2 U.S.C.M.A. 500, 504, 9 C.M.R. 130, 134 (1953); *United States v. Lindsey,* 25 C.M.R. 496, 497 (A.B.R.1957), *pet. denied,* 8 U.S.C. M.A. 791, 25 C.M.R. 486 (1958).

Post-trial attempts by co-actors to exonerate one or the other should be viewed with extreme suspicion. A determination of whether justice has been served should not rest upon a conjecture on the part of a reviewing body in judging the post-trial claims of two actors, both of whom may have agreed that one will exonerate the other. Petitions for new trial should be denied where post-trial attempts to exculpate the petitioner appear "contrived." *See United States v. Brozauskis, supra* at 752. *See also United States v. White,* 45 C.M.R. 537, 538 (A.C.M.R.), *pet. denied,* 21 U.S.C.M.A. 646, 45 C.M.R. 929 (1972). In these situations, such attempts should simply be deemed unworthy of belief and rejected. *See United States v. Turner, supra.*

The federal practice is consistent with that of military justice. In *Jones v. United States, supra,* a fellow prisoner confessed that he and another individual, not Jones, had committed the robbery for which Jones had been convicted. The court in *Jones* ruled that the denial of the motion

for a new trial based upon this "evidence" as not being credible resided in the sound discretion of the reviewing district judge. The court observed that:

This remedial procedure, a motion for new trial based upon after discovered evidence, is designed to serve the ends of justice. It is made available as a means of relief from manifest injustice. That purpose would hardly be served if the law required the trial judge, who heard all of the evidence and saw all of the witnesses, to assume that a jury would believe testimonial evidence however improbable and unworthy of belief he finds it to be.

*Id.* at 436. *See United States v. Gantt, supra.* We believe that in the military system, as in the Federal practice, "[s]tringent or artificial limitations upon the exercise of discretionary power . . . to grant new trials could only subvert the purpose of the remedy." *Jones v. United States, supra* (footnote omitted). *See United States v. Johnson, supra.*

This analysis, in light of the facts presented here, leads us to the conclusion that the intermediate court's denial of the petition for a new trial on the basis of credibility did not constitute an abuse of its discretion.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COOK concur.