**UNITED STATES**

**v.**

**Sergeant Chris P. CHRISTENSEN, FR 341–52–0967, United States Air Force.**

**ACM 24039.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 March 1983.

Decided 26 Jan. 1984.

---

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, Captain Kathleen G. O'Reilly and Willis L. Mog, Lebanon, Ill.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

FORAY, Senior Judge.

On appeal of his general court-martial conviction, the accused claims that the errors committed during and after his trial require that all findings of guilty be set aside and all charges and specifications dismissed. Alternatively he petitions for a new trial based upon newly discovered evidence.

Only two of the assigned errors demand our review and remedy. For reasons which we will later state the Petition for New Trial is denied.

In the Assignment of Errors and Brief submitted by appellate defense counsel on behalf of the accused it is claimed:

THE ACCUSED WAS IMPROPERLY DENIED CREDIT FOR ALL TIME SPENT IN PRETRIAL CONFINEMENT.

And,

THE CONVENING AUTHORITY ERRED BY NOT ORDERING AN ADMINISTRATIVE CREDIT TOWARDS THE APPELLANT'S SENTENCE TO CONFINEMENT IN ACCORDANCE WITH THE MILITARY JUDGE'S RULING.

I

The accused had been ordered into pretrial confinement on 17 December 1982. A hearing was held on 20 December by a neutral and detached magistrate to determine whether continued pretrial confinement was necessary. *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982). The magistrate determined it was and the accused remained in that status. On 8 January 1983, the accused's civilian counsel requested the accused be released from the restraint of pretrial confinement. A hearing thereon was held that same day before the base commander and his staff judge advocate. This hearing also resulted in the continuation of the accused in pretrial confinement. A similar and likewise unsuccessful attempt to effect the accused's release was again made on 20 January.

At trial, the accused's counsel advanced reasons why the pretrial confinement of the accused was illegal and moved for appropriate relief in the form of a "credit" for the time served. The military judge agreed, in part, to the defense contention and ruled that the period of pretrial confinement beginning 8 January to the date of trial, 23 March 1983, was illegal. Accordingly, he directed that the accused be credited with one and one-half days of confinement for each day of illegal pretrial confinement.

In his review of the case, the staff judge advocate advised the convening authority that he was bound by the military judge's ruling regarding the credit to be given because of the pretrial confinement being found illegal. *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983). He further advised the convening authority that the total number of pretrial confinement days found illegal was 74 and, thus, the accused was entitled to a credit of 111 days. The review contained the recommendation that the convening authority afford that credit by approving only so much of the adjudged sentence to confinement at hard labor as would provide for a term of two years and eight months. The court-martial had sentenced the accused to a term of confinement for three years. The convening authority agreed and his action in the case reflected the recommended reduction in the period of confinement adjudged.

■ It is now clear that every day of pretrial confinement, regardless of legality, will be credited against an accused's sentence to confinement. *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).* In *Allen* the Court of Military appeals held that DOD Instruction 1325.4 (7 October 1968) as written requires the military services' procedures which are employed to compute courts-martial sentences to confinement to conform to those published by the Justice Department. That Department, in this regard, follows the mandate of 18 U.S.C. § 3568 and allows credit toward the service of a sentence of imprisonment of a person for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Pursuant to DOD Instruction 1325.4 the accused here would automatically be entitled to a credit of 96 days toward the service of his sentence to confinement. However, because of the military judge's ruling that part of the accused's 96 days of pretrial confinement was illegal and his direction that the accused be credited at a rate of one and one-half days for each day of the illegal restraint, the accused is entitled to an additional credit of 37 days for a total credit of 133 days.

■ The convening authority attempted to implement the military judge's direction to credit the accused with 111 days toward his sentence to confinement by reassessing the sentence. This was incorrect as it was not in accord with the mandate of the Court of Military Appeals in *United States v. Larner*, 1 M.J. 371 (C.M.A.1976). According to *Larner* the only legal and fully adequate remedy for the accused who had been confined illegally prior to trial would have been for the convening authority to have approved the otherwise appropriate sentence, but to have then provided for an administrative credit of 111 days as directed by the military judge. By reassessing the sentence and reducing its term of confinement rather than ordering credit, the convening authority created the same anomaly as was present in *Larner*. His action increased rather than decreased the potential impact of the sentence to confinement.

■ Pursuant to AFR 125–30, Military Sentences to Confinement, (6 November 1964), paragraph 13, the rate of abatement for good conduct of a sentence to confinement is as follows:

\* \* \* \* \* \*

*b.* Six days for each month of the sentence for a sentence of not less than 1 year and less than 3 years.

*c.* Seven days for each month of the sentence for a sentence of not less than 3 years and less than 5 years.

\* \* \* \* \* \*

In this case the term of confinement adjudged, less the term disapproved by the convening authority along with good time credit, reduced the confinement adjudged by 312 days. Had the convening authority ordered a credit of 111 days for illegal

---

\* The case before us was tried prior to the decision of the Court of Military Appeals in *United States v. Allen, supra.*

pretrial confinement and otherwise approved the adjudged sentence, that credit along with good time credit would have reduced the adjudged sentence by 363 days. As a result the convening authority's action is unlawful.

## II

In support of his petition for a new trial appellant claims to have come upon evidence, discovered after his trial, which would have totally discredited the testimony of the Government's key witness. Had this impeachment evidence been known and used at trial it is argued that it would have had a substantial impact upon the findings probably resulting in findings favorable to the accused.

The key witness testified at the Article 32, U.C.M.J., investigation in response to defense counsel's queries, that his wife had previously sold a handgun to the accused. He states he bought the gun in Ohio and "if we were to run the serial number through a computer, it wouldn't come up stolen." The "newly discovered evidence" is that a check of the serial number of the weapon by civilian police authorities after trial revealed it had been stolen from a police agency in Ohio.

■ A new trial under Article 73, U.C.M.J., 10 U.S.C. § 873, will be granted upon the grounds of newly discovered evidence where it is affirmatively shown that an injustice has resulted from the findings or the sentence and that a new trial would probably result in a substantially more favorable conclusion for the accused. Manual for Courts-Martial, 1969 (Rev.), paragraph 109d. It must also be shown that the newly discovered evidence is not such that it would have been discovered by the accused at or prior to the time of trial by exercising due diligence. *United States v. Bacon,* 12 M.J. 489 (C.M.A.1982); M.C.M., paragraph 109d (2)(b).

■ At the time of the Article 32 investigation and at the time of trial the hand-gun was being held by agents of the local detachment of the Office of Special Investigations. Had defense counsel wished to pursue the matter regarding the "origin" of the handgun sold to the accused by the key witness the opportunity certainly presented itself. Under the circumstances we find the "new evidence" is such which could have been discovered through due diligence on petitioner's part. Additionally, we note petitioner does not allege the key witness knew the handgun was stolen at the time he sold it to the accused.

The findings of guilty and the sentence are affirmed. The accused will be administratively credited with 133 days of confinement for the legal and illegal pretrial confinement served. *United States v. Larner; United States v. Allen,* both *supra.*

SNYDER and O'HAIR, Judges, concur.