UNITED STATES, Appellee,

v.

Staff Sergeant Edwin A. TOY, 262–79–9069, United States Army, Appellant.

ACMR 9001834.

U.S. Army Court of Military Review.

22 March 1991.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial authorized to adjudge a bad-conduct discharge. Contrary to his pleas, he was found guilty of three specifications of adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for two months, and reduction to Private El. The military judge recommended that the bad-conduct discharge be suspended. Rejecting the military judge's recommendation, the convening authority approved the sentence.

Appellant alleges that the sentence is inappropriately severe. We disagree and affirm. Although not challenged by appellant, the military judge conducted a post-trial Article 39(a) session after the record was authenticated which requires discussion. See UCMJ Article 39(a) [hereinafter Article 39(a)].

After the record was authenticated but before the convening authority's initial ac-

tion, appellant requested a post-trial Article 39(a) session. He attached to the request a statement by a witness purporting to establish an alibi for one of the adultery offenses of which appellant was found guilty. The convening authority granted appellant's request.

At the post-trial Article 39(a) session, the record reflects confusion as to what the military judge could do at the session. When asked, trial counsel stated that "its kind of up in the air" as to what the military judge could do. After considerable discussion, the military judge concluded that he could conduct the session to establish a record for the convening authority. He stated:

> So, this is what I'm going to do at this session, this is the way I'm going to handle it. I will hear the testimony of the witness. I will evaluate that testimony as though it were offered during the course of the trial. I will prepare a written evaluation of that testimony and because of [*United States v. Scaff*, 29 M.J. 60 (C.M.A.1989)] I will also insert my own evaluation of the criteria for a new trial. This will then be made part of the record to be submitted to the convening authority. In my opinion the convening authority can take any action up to and including direction of a rehearing upon all the findings of guilty and the sentence. He's not limited to taking clemency action. He can set aside everything and direct a rehearing at this point. I think *Scaff* has indicated that Article 73 means that a petition for a new trial can be submitted at any time after findings and sentence are announced, and I think that's a reasonable reading of Article 73. But I think it's the convening authority's responsibility at this point to determine whether the trial should be held.

At the session, the witness testified that she was with appellant during the time that one of the adultery offenses occurred. She stated that she did not testify at trial because she was going through a divorce and did not want her husband to learn that she had been with appellant. She had been out

with appellant six or seven times but viewed their relationship as strictly social. She stated that she only testified now because appellant disclosed their relationship to his attorney. Appellant and she had discussed her being a witness several months before trial but she had decided that she could not. Appellant testified that he knew of this witness' testimony before trial but did not tell his defense counsel. He had decided that he had enough evidence without her testimony.

Following the Article 39(a) session, the military judge made written findings, comments, and observations which he attached to the record of trial. Among his findings were that the other party involved in the adultery offense, a trainee, was a credible witness and that appellant's testimony was not credible. He also found that the alibi witness' testimony at the post-trial session raised some question of her credibility. He stated that if he had authority to reconsider his findings and sentence he would abide by his prior findings and sentence. The military judge further found that if he had authority to do so, he would rule that the testimony of the alibi witness was not newly discovered evidence.

The concern before this court is the trial judge's confusion about his authority to conduct a post-trial session after the record of trial is authenticated.

Article 39(a) has been interpreted to authorize a military judge to conduct a session after trial but before the record of trial is authenticated. *United States v. Scaff*, 29 M.J. 60, 65 (C.M.A.) (ordering DuBay hearing), *further review*, 30 M.J. 220 (C.M.A.1989) (aff'g CMR; denying pet. new trial). These sessions may be in the nature of *DuBay*[1] hearings and can be convened by the military judge on his own motion prior to authentication of the record of trial. *See United States v. Brickey*, 16 M.J. 258, 264–65 (C.M.A.1983). "Article 39(a) of the code empowers the military judge to convene a post-trial session to consider newly discovered evidence and to take whatever remedial action is appropriate." *Scaff*, 29 M.J. at 66. This power

1. *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).

inures to the benefit of the government by providing an opportunity to clear up matters before the appellate process. *United States v. Griffith*, 27 M.J. 42, 49 (C.M.A. 1988). Authentication of the record of trial is the cutoff point for a court-martial to conduct such proceedings on its own motion. Thereafter, such *DuBay*-type hearings convened under Article 39(a) must be directed by the appellate courts or the convening or supervisory authority. *See Brickey*, 16 M.J. at 264–265.

▇ In the case before us, the request for an Article 39(a) session was submitted after authentication of the record. Although the military judge could not conduct the post-trial session on his own motion, he was properly directed to do so by the convening authority. We believe the military judge erroneously determined that he could not make findings of fact and conclusions of law.[2] Once he was directed to conduct this session, it would qualify as a *DuBay*-type hearing convened under Article 39(a) and would allow the military judge to make findings of fact and conclusions of law to assist the convening authority in taking initial action and to assist appellate review of the case. *See Brickey*, 16 M.J. at 265. We find no prejudice here because we view the military judge's "findings, comments and observations" as findings of fact and conclusions of law.[3] We find no reason to disturb them. We have examined the testimony of the alibi witness in light of the evidence presented indicating that appellant knew of her testimony before trial. We agree with the military judge that it does not qualify as newly discovered evidence, which would require a new trial. *See* R.C.M. 1210(f)(2)(A) and (B).[4] *United States v. Bacon*, 12 M.J. 489 (C.M.A.1982); *United States v. Thomas*, 11 M.J. 135 (C.M.A.1981).

▇ Assuming *arguendo* that testimony of the alibi witness could be considered, using our powers under UCMJ Article 66(c) 10 U.S.C. § 866(c) we find, as did the military judge, that the testimony of the female trainee was more credible than the testimony of appellant and the alibi witness. We find beyond a reasonable doubt that the evidence is factually sufficient to sustain the findings of guilty to three specifications of adultery.

We find the assignment of error without merit and consider the sentence appropriate.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.

---

2. More specific instructions to the military judge by the convening authority may have avoided this problem. It is suggested that convening authorities provide specific instructions when ordering this type of hearing. An example of direction can be found in the appendix to *United States v. Copening*, 32 M.J. 512 (1990) (en banc), where specific questions were posed when this court directed the military judge to make findings of fact and conclusions of law.

3. This document is attached to the Staff Judge Advocate's Recommendation. In our view, it should be attached to the Article 39(a) session record. See e.g. for example Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 918(b) [hereinafter R.C.M.] (Special findings of fact may be entered orally on the record or in writing but in any event shall be included in the record of trial). We shall treat them as part of the record for the purposes of this opinion.

4. R.C.M. 1210(f)(2) provides, in pertinent part, "(A) The evidence was discovered after the trial; (B) The evidence is not such that it would have been discovered by *the petitioner* at the time of trial in the exercise of due diligence ... [emphasis added]." In the case before us, we do not believe that it is significant that appellant did not tell his counsel of this evidence. It is significant, however, that the appellant knew of the evidence before trial.