**UNITED STATES, Appellee,**

v.

**Chris E. COSNER, Staff Sergeant
U.S. Marine Corps, Appellant.**

No. 66,735.

NMCM 88 4389.

U.S. Court of Military Appeals.

Argued April 9, 1992.

Decided Sept. 24, 1992.

For Appellant: *Dan R. Hyatt* (argued); *Lieutenant Peter Van Hartesveldt*, JAGC, USNR (on brief); *Major Joseph B. Gilbert*, USMC, *Captain Michael K. Schaller*, USMC, *Lieutenant Robert E. Wallace*, JAGC, USNR, *Lieutenant Michael C. Pallesen*, JAGC, USNR.

For Appellee: *Major Laura L. Scudder*, USMC (argued); *Colonel T.G. Hess*, USMC (on brief); *Commander Thomas W. Osborne*, JAGC, USN.

*Opinion of the Court*

WISS, Judge:

At a general court-martial before a military judge alone, appellant was convicted, in accordance with his pleas, of rape (2 specifications), forcible sodomy (2 specifications), obstruction of justice, kidnapping, and assault with intent to commit murder, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 65 years, forfeiture of all pay (but not allowances), and reduction to the lowest enlisted grade.

Pursuant to a pretrial agreement, the convening authority approved the findings and sentence, except for the forfeitures, and suspended all confinement in excess of 25 years for the period of confinement

served and 1 year thereafter. The Court of Military Review in an unpublished opinion affirmed the findings and the sentence as approved by the convening authority, except that it modified the obstruction-of-justice specification to one of communicating a threat to kill.

On appellant's petition to this Court, we granted review of four issues of law. Now, after full consideration of these issues, we affirm the decision below.[1]

I

Before discussing the legal issues stated and implicit in the granted issues that were framed by appellant, a brief background as to how these issues arose will help put them in proper focus.

Appellant's victim was the wife of a fellow Marine. After observing and stalking his victim, he forced her at gunpoint to drive him to an isolated area where he raped her, forcibly sodomized her both orally and anally, otherwise assaulted her, and threatened to kill her if she reported these crimes. Having negotiated a pretrial agreement, appellant pleaded guilty at trial to all of these charges, except for contesting that the assault was committed with the intent to murder. After the prosecution elected to pursue this greater assault, the military judge returned a finding consistent with the allegation.

Prior to trial, appellant was examined by a Navy psychologist and a defense-selected civilian psychiatrist. During his interview of appellant, the psychiatrist read portions of a diary that appellant had kept while in Beirut, Lebanon. Neither expert uncovered any basis for believing that appellant lacked mental responsibility for his acts. *See* Art. 50a, UCMJ, 10 USC § 850a.

While appellant's conviction was pending review by the Court of Military Review, yet another civilian psychiatrist, retained by the defense, examined appellant. During this examination, appellant contends that what the Government characterizes as the first "true story" of his traumatic experiences in Lebanon came out—details that he admits he intentionally had omitted from his diary and had kept hidden from everyone else. After this examination, the new psychiatrist opined that appellant was suffering from a post-traumatic stress disorder (PTSD)[2] at the time of the offenses.

---

1. Review was granted of the following issues:

   Issue I

   WHETHER THE FINDING THAT APPELLANT DID NOT, AT THE TIME OF THE OFFENSES, SUFFER FROM POST TRAUMATIC STRESS DISORDER WAS CLEARLY ERRONEOUS AND WAS NOT SUPPORTED BY THE EVIDENCE TO THE SUBSTANTIAL PREJUDICE OF APPELLANT.

   Issue II

   WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE RELATING TO MENTAL RESPONSIBILITY.

   Issue III

   WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW IN DETERMINING APPELLANT'S MENTAL RESPONSIBILITY ON A DE NOVO REVIEW WHERE A SUBSTANTIAL ISSUE HAD BEEN RAISED POST TRIAL BY NEWLY DISCOVERED EVIDENCE.

   Issue IV

   WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED IN FAILING TO AT LEAST REMAND APPELLANT'S CASE FOR A REHEARING ON SENTENCE WHERE NEWLY DISCOVERED EVIDENCE POST TRIAL DISCLOSED A MATTER IN EXTENUATION OF THE OFFENSES WHICH EXISTED AT THE TIME OF THE OFFENSES BUT WHICH HAD BEEN UNDISCOVERED.

2. The traumatic experiences in Lebanon giving rise to the opinion of PTSD centered around instances of brutal killings by Moslems which appellant had witnessed, the mayhem to which he was exposed after the American Embassy bombing in Beirut, and his encounters with Moslem terrorists—including a woman named "Mohtraman," who systematically taunted and threatened appellant to provoke a justification for killing him. Citing Sparr and Atkinson, *Post–Traumatic Stress Disorder as an Insanity Defense: Medicolegal Quicksand,* 143 American Journal of Psychiatry 608–13 (May 1986), appellant argues that PTSD involves unconscious flashbacks, "unpremeditated and sudden" behavior, "amnesia for all or part of [an] episode," behavior lacking "current motivation," and "fortuitous or accidental" choice of victims in crimes. *Id.* at 611.

On this basis, appellant petitioned the Court of Military Review for a new trial founded upon "newly discovered evidence." In disposing of both the petition for new trial and a related contention made during the usual appeal, the Court of Military Review held as follows:

We believe that the grounds asserted for a new trial have been categorically refuted by the Government Answer to the Petition for a New Trial. On the basis of the highlighted facts and compelling arguments presented therein, *we are convinced beyond a reasonable doubt that a reasonable trier of fact, if presented with all available evidence, old and new, would not find by clear and convincing evidence that the petitioner-appellant lacked mental responsibility at the times of his offenses.* We are similarly convinced that a reasonable trier of fact would find that the petitioner-appellant did not suffer from a mental disease or defect, and, hence, that the newly developed information would not change the result regarding the specific intent element of the assault with intent to commit murder. Likewise, we are convinced beyond a reasonable doubt of the guilt of the petitioner-appellant, notwithstanding the newly developed information. Accordingly, the petition for a new trial is denied, and Assignment of Error III is rejected.

Unpub. op. at 3 (emphasis added).

## II

In this light and from the context of appellant's brief in support of the four issues raised by him on which this Court granted review, we now synthesize the questions before us as follows:

First, did the Court of Military Review apply the correct legal standard in determining whether to order a new trial based on appellant's new psychiatric evidence?

Second, if so, in applying that standard, did the court abuse its discretion in concluding that a new trial was not warranted?

Finally, in any event was appellant somehow entitled to a rehearing on his sentence, at which this new psychiatric evidence could be considered?

### A

■ In *United States v. Dock*, 28 MJ 117 (CMA 1989), this Court had occasion to address the standard to be applied by the Court of Military Review "in determining whether the issue of insanity was adequately raised ... post-trial." *Id.* at 119. After reviewing and affirming language in *United States v. Lilly*, 25 MJ 403, 407–08 (CMA 1988), and *United States v. Triplett*, 21 USCMA 497, 503, 45 CMR 271, 277 (1972), we offered "[a]nother way" of stating the test:

Is the appellate court convinced beyond a reasonable doubt that a different result would not obtain if the trier of fact had this new evidence before it?

If it is not so convinced, the accused is entitled to present his evidence before a court-martial.

28 MJ at 120.

Dock had committed his crimes in 1984, before Congress had amended the Uniform Code of Military Justice, effective for offenses committed on or after November 14, 1986, by passing Article 50a. Under the law applying to Dock, an accused's mental responsibility was a matter that the Government had to prove beyond a reasonable doubt. RCM 916(k)(3)(A), Manual for Courts–Martial, United States, 1984 (original version).

Article 50a, though, made lack of mental responsibility an affirmative defense that must be raised by the accused and proven by him by clear and convincing evidence. *United States v. Ramsey*, 28 MJ 370, 371 n. 2 (CMA 1989). *See* RCM 916(k) (Change 3, effective March 12, 1987). Appellant committed the crimes that are the subject of this appeal on August 30, 1988; therefore, under Article 50a, it would be his affirmative burden to prove his lack of mental responsibility for his crimes by clear and convincing evidence.

Thus, when the standard we articulated in *Dock*—for how an appellate court must determine whether an accused has adequately raised mental responsibility as an issue on appeal—is overlaid upon the requirement of Article 50a—for what an accused must prove if he does get a rehearing on the issue—the test may be stated in the form of this question: *Is the appellate court convinced beyond a reasonable doubt that reasonable factfinders would not find by clear and convincing evidence that, at the time of the offense, appellant suffered from "a severe mental disease or defect" such as to be "unable to appreciate the nature and quality or the wrongfulness of" his acts?* (Emphasis added in quoted matter.)

As is apparent, this is exactly the standard used by the Court of Military Review here: "[W]e are convinced beyond a reasonable doubt that a reasonable trier of fact, if presented with all available evidence, old and new, would not find by clear and convincing evidence that the petitioner-appellant lacked mental responsibility at the times of his offenses." Unpub. op. at 3. Contrary to appellant's assertion in this Court, the Court of Military Review did not decide his mental responsibility *de novo*, as a matter of fact. Rather, viewing appellant's evidence in its best light and finding that his appellate evidence placed the issue of his mental responsibility in the "gray area," *see United States v. Triplett, supra, quoted with approval in United States v. Lilly* and *United States v. Dock*, both *supra*, the court nonetheless found beyond a reasonable doubt that reasonable factfinders, viewing the totality of the evidence, would not be convinced by clear and convincing evidence that appellant lacked mental responsibility for his crimes.

### B

The next question is whether the Court of Military Review, in applying this standard, abused its discretion when it held that appellant was not entitled to a new trial.

It must be remembered that the determination of sufficient grounds for granting a petition for new trial in the military rests "within the [sound] discretion of the authority considering . . . [that] petition." In exercising their discretion, the Courts of Military Review have the "prerogative" of weighing "testimony at trial against the" post-trial evidence "to determine which is credible."
*United States v. Bacon*, 12 MJ 489, 492 (CMA 1982) (citations omitted).

Although the Court of Military Review did not set out specifically the other evidence of record that it considered in reaching its decision, it did generally state that appellant's asserted grounds "have been categorically refuted by the Government Answer to the Petition for a New Trial." Unpub. op. at 3. That brief by the Government referred to what had come from appellant's own mouth at trial that made clear that he remembered virtually all of the material details of his crimes—notwithstanding a supposed inability to remember such details if suffering a post-traumatic stress disorder. It referred to several clear reflections that appellant had not confused his victim with a woman he had known in Beirut who purportedly was a trigger for PTSD reactions. It referred to such actions as threatening his victim with death if she revealed his crimes and to steps he took right after the crimes to change his appearance to avoid identification—again, factors inconsistent with a diagnosis of PTSD.

Finally, that brief pointed out that, even if appellant did suffer the disorder he claimed, all this evidence points persuasively to a conclusion that he was not "unable to appreciate the nature and quality or the wrongfulness of" his acts, as Article 50a would require him to demonstrate to the factfinders by clear and convincing evidence. Under these circumstances, we do not believe that the Court of Military Review abused its "broad discretion" in holding that appellant had not met the standard entitling him to a rehearing. *See United States v. Bacon, supra* at 492.

## C

■ Pointing to language in *United States v. Lilly, supra* at 409, appellant argues finally that, even if the court below applied the correct standard and even if it did not abuse its discretion in determining, under that standard, that appellant was not entitled to a new trial on the merits, the court nonetheless erred by not ordering a rehearing on sentence at which this new mitigating evidence could be considered. We do not agree.

Appellant has pointed to no statute, no case, no regulation, and no Manual provision that would suggest that the Court of Military Review must use a more generous approach to deciding a petition for a sentence rehearing than the court used here to resolve his petition for new trial. More-over, with the new evidence before it, the court indicated no doubt whether the trial sentencer would have adjudged a more lenient sentence. Finally, with its own power to determine the appropriateness of the sentence, Art. 66(c), UCMJ, 10 USC § 866(c), it nevertheless affirmed the sentence approved by the convening authority—and recall that the approved sentence to confinement was 40 years less than the confinement adjudged at trial.

## III

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.