UNITED STATES, Appellee,

v.

Staff Sergeant James R. HANSON, 468–92–1768, United States Army, Appellant.

ACMR 9201638.

U.S. Army Court of Military Review.

31 Jan. 1994.

For Appellant: Arthur R. Samuel (argued); Captain Robert H. Pope, JAGC (on brief).

For Appellee: Captain Kenneth G. Wilson, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC (on brief). Captain Glenn L. Kirschner, JAGC.

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

### OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

MORGAN, Judge:

The appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of two specifications of rape and one specification of indecent acts with a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for thirty years, and reduction to Private E1. The convening authority approved the sentence as adjudged.

Before this court the appellant contends, *inter alia*, that he is entitled to a new trial because his stepdaughter, a victim in one of the rape specifications, recanted her testimony.[1] This was accomplished eight months after the trial by a written sworn statement, prepared ex parte in the office of the civilian appellate defense counsel.

### I.

The appellant's ten year-old stepdaughter confided to a neighborhood girlfriend that the appellant had touched her on her breasts.

The friend then told her mother, who contacted special agents of the Criminal Investigation Division [hereinafter CID], and they took a statement from the stepdaughter. Her statement reflected a reluctant disclosure that the appellant had fondled her breasts and vaginal area, made her touch his penis with her hands, placed his penis inside her vagina, and on at least one occasion ejaculated. The incidents allegedly occurred at both Fort Polk, Louisiana, and Fort Hood, Texas.

The stepdaughter subsequently gave inconsistent responses when she was questioned on these matters. Whether being interviewed by a CID agent, a medical doctor, or by counsel at trial, she would occasionally deny, then invariably admit the acts which formed the basis of the charges against her stepfather. She was six years old when the acts were allegedly initiated at Fort Polk, Louisiana, and ten years old when the last alleged incident occurred at Fort Hood, Texas. She was variously described by both parties as uncertain, confused, and scared.

In addition to the stepdaughter's testimony, two doctors testified that their clinical examinations disclosed evidence consistent with vaginal and anal penetration, notably tenuation of the hymen and a suspected rectal scar. The object used to penetrate the vagina was more likely "a large object as opposed to a finger."

The appellant also provided some insight into the victim's version of what transpired. In a letter to his stepdaughter prior to trial, admitted as a prosecution exhibit, he said, "Due to things that have happened up to now, and rightfully so, will happen in the future to come, chances are likely that you will never see me again." He added that he was *"very, very* sorry for what has happened." He also described how he was a victim of abuse as a boy, and "[his abuser] got away with it for 5 years and nobody said anything. Not so in my case." Finally, in an unsworn statement during the extenuation and mitigation phase of his court-martial, the

---

1. Appellant's Assignment of Errors and Brief on Behalf of Appellant were filed simultaneously with his Petition for New Trial and Brief on Behalf of Appellant, pursuant to Uniform Code of Military Justice, Article 73, 10 U.S.C. § 873 (1988).

following colloquy took place between the appellant and his counsel:

Q. This 13 year-old boy [appellant's stepson] who respects you so much, what will he think of his father when he learns that his father raped his sister?

A. [Crying.] He's already aware of that.

Q. He's aware of it?

A. He was aware of that before he wrote me that letter.

Q. If [appellant's stepdaughter] walked in here now, what are you gonna tell her? She said it happened. The court said it happened. Did it happen?

A. [Appellant's stepdaughter]?

Q. Yes.

A. Yes.

Q. Yes, it happened?

A. Yes.

## II.

 Petitions for a new trial based upon a witness' change in testimony are not viewed favorably in the law. *See United States v. Bacon,* 12 M.J. 489 (C.M.A.1982). Indeed, the appellant has a heavy burden of establishing entitlement to relief. *Id.* A new trial should not be granted unless "[t]he court is reasonably well satisfied that the testimony given by a material witness [at trial] is false." *Larrison v. United States,* 24 F.2d 82, 87 (7th Cir.1928). For a new trial to be granted on the grounds of newly discovered evidence, the evidence must be discovered after the trial and must not be such that it would have been discovered by the petitioner at the time of trial in the exercise of due diligence. Rule for Courts–Martial 1210(f)(2) [hereinafter R.C.M.].

 In exercising our discretion on petitions for a new trial, we have the prerogative of weighing the testimony at trial against the post-trial evidence to determine which is credible. We find that the stepdaughter's trial testimony, subjected as it was to cross examination, is much more credible than the ex parte statement prepared after the trial, especially in light of the substantial corroborating evidence in the record. Additionally, the appellant's theory that his stepdaughter

"was confused and uncertain as to what she was being asked" at trial was evident before and during the trial and was an aspect of the evidence that was considered, and rejected, by the fact finders.

Applying the criteria for granting a new trial, we hold that the appellant has not demonstrated his entitlement to relief under Article 73, UCMJ.

## III.

The appellant also contends that he was prejudiced by an improper joinder of two unrelated rape specifications. In addition to raping his stepdaughter, he was also convicted of raping his wife's sister. He had not made a motion to sever the offenses at trial.

 Ordinarily, all known charges should be tried at a single court-martial, and joinder of unrelated offenses is not alone a sufficient ground to sever. R.C.M. 906(b)(10) discussion. Under these standards, the appellant's failure to object or request severance at trial waives the issue before this court. R.C.M. 905(b)(5) and (e).

Finally, the appellant maintains that "the fact that SSG Hanson was charged with several sex crimes rather than one further increased the possibility of undue prejudice." This theory does not explain the acquittal on Charge II, specification 3, which alleged an indecent act on his nephew.

## IV.

We have considered the remaining assertions of error, including those raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The Petition for New Trial is denied. The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge GONZALES concur.