# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**Misc. Dkt. No 2017-09**

_____

**Michael J. TURPIANO**
Major (O-4), U.S. Air Force, *Petitioner*

**v.**

**UNITED STATES**
*Respondent*

_____

Petition for New Trial Pursuant to Article 73, UCMJ

Decided 21 June 2018

_____

*Military Judge:* Vance H. Spath.

*Approved sentence:* Dismissal, confinement for 3 months, forfeiture of $7,353.00 per month for 3 months, and a reprimand. Sentence adjudged 16 January 2015 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Petitioner:* Major Mark C. Bruegger, USAF; Terri R. Zimmermann, Esquire; Jack B. Zimmermann, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Matthew L. Tusing, USAF.

Before MAYBERRY, JOHNSON, and SPERANZA *Appellate Military Judges*.

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge SPERANZA joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

MAYBERRY, Chief Judge:

A general court-martial composed of officer members convicted Petitioner, contrary to his pleas, of assault consummated by a battery by touching the breast of Second Lieutenant (2d Lt) RH and touching the midsection of 2d Lt CE, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The adjudged and approved sentence consisted of a dismissal, confinement for three months, forfeiture of $7,353.00 pay per month for three months, and a reprimand.

While his appeal under Article 66, UCMJ, 10 U.S.C. § 866, was pending before this court, Petitioner submitted a petition for a new trial to The Judge Advocate General of the Air Force. Pursuant to Rule for Courts-Martial (R.C.M.) 1210(e), the petition was forwarded for our review. Petitioner asserts fraud on the court with regard to his conviction for assault consummated by a battery involving then 2d Lt CE. Finding no such relief is warranted, we deny the petition.

## I. BACKGROUND

The charges arose during the timeframe when Petitioner, as well as the victims, were students at the Basic Intelligence Officer's Course (BIOC) at Goodfellow Air Force Base, Texas. The BIOC had hundreds of students, split into day and night shifts. Petitioner was the class leader for his night shift class. His class was comprised of approximately 18 students.

In March 2013, a civilian BIOC student alleged that Petitioner had raped her and assaulted her on separate occasions. In the course of the Air Force Office of Special Investigations (AFOSI) investigation into the rape allegation against Petitioner, AFOSI agents interviewed approximately 50 witnesses, many of whom were BIOC students, including 2d Lt CE. During her interview with AFOSI in April 2013, 2d Lt CE alleged for the first time that in early March 2013, Petitioner approached her from behind and put his hands around her midsection without her permission as she talked with a friend at a local bar. She provided a sworn, written statement at that time. This was the basis of one specification of the charge of assault consummated by a battery.

---

[1] Petitioner was acquitted of rape and assault consummated by a battery of Ms. KP and assault consummated by a battery of 2d Lt DC. Petitioner was also convicted of assault consummated by a battery of 2d Lt RH, but that conviction is not the subject of this petition for new trial.

At Petitioner's trial, 2d Lt CE testified that Petitioner called her "pet" names such as "honey" or "sweetie" and that she had told him to stop calling her by those names. 2d Lt CE alleged that while she was speaking with a friend in the "smokepit" of a local bar, Petitioner grabbed her from behind and pulled her towards him. During the course of this maneuver, she turned around and was facing Petitioner with his hands clasped behind her back. She removed his hands stating, "I'm married." Petitioner again placed his hands around her stating, "It doesn't mean anything" and 2d Lt CE again removed his hands and stated, "It does when you're married."

During cross-examination, Petitioner's defense counsel challenged 2d Lt CE's version of events, focusing on the fact that—for the first time at trial—she alleged a second grab that she had not previously alleged in her written statement to law enforcement or during her testimony at the Article 32, UCMJ, 10 U.S.C. § 832, hearing. In response, 2d Lt CE acknowledged that her written statement to AFOSI did not reference the two separate grabs, but she believed she had verbally provided the agents with this information and while she did not recall her Article 32, UCMJ, testimony, she believed she would have testified to Petitioner grabbing her twice. On redirect, 2d Lt CE testified that she had been on shift for 12 hours prior to her interview at the AFOSI, and remained at the AFOSI for a number of hours thereafter. Furthermore, she testified that she believed she did verbally inform the AFOSI of both grabs. Additionally, the trial counsel asked her if she had "any legal or investigatory background that would allow you to understand how much detail or specificity needs to be given in a statement?" 2d Lt CE replied "No, sir."

Petitioner's defense regarding the touching of 2d Lt CE was that it was consensual and only because of the aggressive nature of the AFOSI investigation did she characterize it as an offensive touching. Petitioner testified at trial, and in his direct testimony he denied assaulting 2d Lt CE. He did not go into great detail, but he did not deny touching 2d Lt CE. On cross-examination, Petitioner stated "I never wrapped my arms around how she describes," but went on to state "if I did . . . that would be wrong."

## II. DISCUSSION

A petitioner may request a new trial "on the grounds of newly discovered evidence or fraud on the court." Article 73, UCMJ, 10 U.S.C. § 873. "'[R]equests for a new trial . . . are generally disfavored,' and are 'granted only if a manifest injustice would result absent a new trial . . . .'" *United States v. Hull*, 70 M.J. 145, 152 (C.A.A.F. 2011) (quoting *United States v. Williams*, 37 M.J. 352, 356 (C.M.A. 1993)).

"[T]he determination of sufficient grounds for granting a petition for new trial in the military rests 'within the [sound] discretion of the authority considering . . . [that] petition.'" *United States v. Bacon*, 12 M.J. 489, 492 (C.M.A. 1982) (alteration in original) (citations omitted). Accordingly, it is this court's prerogative to weigh the testimony at trial against the post-trial evidence to determine which is credible. *Id*. We are also free to exercise our fact-finding powers. *See id*. The only limit on our fact-finding powers is that our "broad discretion must not be abused." *Id*. (citing *United States v. Thomas*, 11 C.M.R. 161 (C.M.A. 1953)).

Petitioner's request for a new trial specifically alleges fraud against the court; however, "[n]o fraud on the court-martial warrants a new trial unless it had a substantial contributing effect on a finding of guilty or the sentence adjudged." R.C.M. 1210(f)(3). Neither Article 73 nor R.C.M. 1210 define "fraud on the court." The non-binding discussion section of R.C.M. 1210 states that a new trial may be granted if there is "confessed or proved perjury . . . which clearly had a substantial contributing effect on a finding of guilty and without which there probably would not have been a finding of guilty of the offense . . . ."

When perjury has not been admitted or confessed, defects in the evidence produced may preclude a finding that the alleged perjury has been proved. *United States v. Bourchier*, 17 C.M.R. 15, 25 (C.M.A. 1954). While "admitted perjury by the purported victim would constitute fraud on the court," *United States v. Foster*, No. ACM 29283, 1993 CMR LEXIS 122, at *5–6 (A.F.C.M.R. 8 Mar. 1993) (unpub. op.), "'simple inaccuracies or inconsistencies' are not considered materially false and do not necessitate a new trial." *United States v. Hoyes*, 2013 CCA LEXIS 1075, at *26 (N.M. Ct. Crim. App. 31 Dec. 2013) (unpub. op.) (quoting *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001)).

Petitioner asserts that 2d Lt CE's testimony regarding her lack of legal or investigatory background was a misrepresentation of her education and training. Petitioner relies on the topical list contained in the education section of 2d Lt CE's LinkedIn.com (LinkedIn) profile to definitely establish that she had been trained to understand the significance of the need to be complete, accurate, and consistent in statements to law enforcement. Petitioner further relies on 2d Lt CE's "extensive" volunteer experience as a Victim Advocate for the proposition that this would have "uniquely attuned" her to the importance of detailed and complete investigatory statements. The LinkedIn profile includes 2d Lt CE's victim advocate "volunteer experience" of 450 hours over a two-and-a-half-year period. However, it contains no reference to how many, if any, victims she served.

Petitioner asserts that the LinkedIn profile constitutes "proved perjury." We disagree. 2d Lt CE's degree in legal studies and her listed experience as a victim advocate did not somehow make her response to the trial counsel's question false, let alone a deliberate lie. Even if we assume that 2d Lt CE's education and experience posted online established 2d Lt CE possessed a "legal or investigatory background that would allow [her] to understand how much detail or specificity needs to be given in a statement," her positive response to trial counsel's question would not have a "substantial contributing effect on a finding of guilty or the sentence adjudged."

Her testimony that she did not have any legal or investigatory background that would cause her to understand the level of detail or specificity to include in her statement to the AFOSI must be considered in context. 2d Lt CE testified that while it was true her written statement did not mention two distinct grabs, she believed she had verbally told the AFOSI agents that Petitioner grabbed her twice while they were in the smokepit area of the bar. Whether or not she was "trained" to know how specific her statement should be, she felt she had been specific in her account to law enforcement.

This case did not rely solely on 2d Lt CE's credibility. Petitioner's testimony that he did not touch her in the manner she described was not an outright denial of the touching. Trial defense counsel's closing argument asserted that the behavior of the BIOC students when they went out to the bars included hugging and grabbing one another, and 2d Lt CE was "tough" and "the type that would stand up and report any sort of assault if she saw -- if it was of that level." When she was initially interviewed by the AFOSI, she did just that, she reported the assault.

Given the evidence in this case, we do not believe that a manifest injustice would occur absent a new trial. Petitioner has failed to demonstrate that 2d Lt CE committed a fraud on the court-martial.

Finally, we note that the basis for the asserted "perjury" was discovered after trial and we will briefly address whether a new trial should be granted on the grounds of newly discovered evidence. A new trial shall not be granted on the grounds of newly discovered evidence unless the petitioner shows that:

> (A) The evidence was discovered after the trial;
>
> (B) The evidence is not such that it would have been discovered by the petitioner at the time of trial in the exercise of due diligence; and
>
> (C) The newly discovered evidence, if considered by a court-martial in the light of all other pertinent evidence, would probably produce a substantially more favorable result for the accused.

R.C.M. 1210(f)(2); *see United States v. Luke*, 69 M.J. 309 (C.A.A.F. 2011); *United States v. Johnson*, 61 M.J. 195, 198–99 (C.A.A.F. 2005).

Insofar as Petitioner asserted in his appeal that his trial defense counsel were ineffective in not discovering the LinkedIn information regarding 2d Lt CE, which was readily discoverable at the time of trial, Petitioner has failed to meet the burden that this evidence constitutes newly discovered evidence. Even if it were newly discovered, had it been considered by the court-martial in light of all other pertinent evidence, it would not have probably produced a substantially more favorable result for Petitioner.

Petitioner's request for a new trial is **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court