UNITED STATES, Appellee

v

GIDEON W. MILAM, Airman Second Class,
U. S. Air Force, Appellant

12 USCMA 413, 30 CMR 413

No. 14,775

Decided June 2, 1961

*Colonel Philip J. Williamson* argued the cause for Appellant, Accused.
With him on the brief was *Colonel James L. Kilgore.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Colonel Merlin W. Baker*.

## Opinion

ROBERT E. QUINN, Chief Judge:

The accused was convicted of fifteen specifications of dishonorable failure to maintain sufficient funds to pay checks issued by him, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The question before us is whether the law officer should have instructed the court-martial that the accused's inability to recall the making and uttering of the checks was a matter that could be considered in determining whether he dishonorably failed to maintain sufficient funds to pay the checks on presentment. The issue concerns seven of the fifteen specifications.

At trial, the prosecution established that the accused was granted leave from Misawa Air Base, Japan, during the period from January 27, 1960, to February 11, 1960. Between February 5 and 10, seven checks drawn on the accused's bank account were cashed by the Kyushu Area Exchange Fund. The checks were not paid when presented to the accused's bank because of insufficient funds. Customarily, Exchange cashiers require a person presenting a check for cash to submit proper identification, and to print his name, serial number, organization, and A. P. O. number on each check. The checks in issue bear these informational details as to the accused. A handwriting expert testified that he compared the signatures on the checks with exemplars voluntarily provided by the accused, and, in his opinion, the signatures were made by the same person. Additionally, the Government introduced a stipulation of expected testimony by an agent of the Office of Special Investigations. In material part the stipulation reads as follows:

"The Accused neither admitted nor denied writing Prosecution Exhibits 13 through 19, stating that he had been drinking heavily and had a lapse of memory. He further stated he could not remember whether he wrote the checks or not."

No independent evidence was presented by the defense. However, in his final argument defense counsel vigorously maintained the prosecution had failed to show that the accused was ever present at the Itazuke Air Base, which was apparently accepted by the parties at the trial as the location of the Kyushu Area Exchange. Time and again, defense counsel referred to the lack of evidence to show "the accused was ever physically, bodily, actually present at Itazuke Air Base on the alleged dates in question." Discussing the Government's obligation to establish dishonor in the failure to maintain funds to pay for the checks, he said:

". . . There has not been any direct evidence to show that the actions of the accused in failing to maintain funds on account is wrongful and dishonorable. I will tell you why such evidence hasn't been introduced. It is for the same reason I mentioned above—the Government hasn't been able to show that the man ever was down at Itazuke Air Base to begin with. . . . All the Government has done is throw up a smokescreen, hoping that somewhere in the smokescreen you will come back with what they want. You have heard the testimony of the document examiner saying that even he can't identify the check that is related to Specification 15. . . . Even a qualified examiner can't identify that signature, yet the Government says, 'Come on boys; there are a lot of things here you can look at,' and so forth, but the Government document examiner can't say anything about that check."

Thereafter, during an out-of-court hearing on proposed instructions, trial counsel raised the "question of amnesia" referred to in stipulation of the Office of Special Investigations agent's testimony. The law officer examined the stipulation. What followed is set out below:

414

"LO: It doesn't appear that is a clear-cut claim of amnesia. Even if it were, I don't see that it particularly bears on the case in the absence of some showing that this is a claim of amnesia that was caused by some mental disease or defect or derangement. He says merely from the point of view of drinking. These allegations—none of them include any specific intent and the drinking is nothing more than a mitigating factor. I don't see that there is any instruction called for by that reference to a lapse of memory.

"TC: It is all right with the prosecution. I just thought I would call it to your attention.

"LO: Do you have any particular instruction you want, Lt. Kitchin?

"DC: No, sir."

Not every failure to maintain sufficient funds in the bank to pay a check on presentment is dishonorable. It must appear that the accused "acted in bad faith or . . . [was] grossly indifferent to the state of his bank account." United States v Groom, 12 USCMA 11, 13, 30 CMR 11; United States v Kirksey, 6 USCMA 556, 20 CMR 272. Both alternatives import a certain mental attitude on the part of the accused regarding the failure to maintain the requisite funds. We need not attempt to define the precise nature of that state of mind. Clearly, lack of knowledge of the issuance of checks can be a material circumstance in determining whether there was dishonor in the failure to provide for payment on presentment. In other words, a genuine inability or failure to recall the making and uttering of a check would, in an appropriate case, negate the existence of bad faith in failing to deposit funds in the bank for payment on presentment. See United States v Boultinghouse, 11 USCMA 721, 727, 29 CMR 537. The question then is whether this is an appropriate case.

Reading the stipulation of expected testimony of the Office of Special Investigations agent, and considering it in the light of the evidence and defense counsel's closing argument, we conclude, as did the law officer, that there is no "clear-cut claim of amnesia" regarding the offense charged. In substance, the accused's pretrial statement is a refusal to admit or deny the issuance of the checks because of a lapse of memory as a result of "drinking heavily." Lack of recall of the making and uttering of the checks does not by itself necessarily indicate the absence of dishonor in the later failure to maintain funds to pay those checks on presentment.

The checks were numbered serially; and each number was printed on the face of each check. The accused could have forgotten or been unable to remember the issuance because of his drinking, but he could have discovered the absence of the checks after he returned to duty and stopped drinking and before presentment of the checks for payment; by appropriate inquiry he might have satisfied himself that he had actually issued the checks, but have still determined that he would not deposit funds to meet the checks on presentment. Of course, we are not suggesting that these are the actual circumstances of the case. What we are saying is that the accused's pretrial statement stopped short of a claim that he did not maintain funds in the bank because he did not know the checks were outstanding. He truly might not have been able to remember whether he issued the checks because he was drunk when he did so, but he still could have determined their existence and genuineness later and thereby had the obligation to deposit funds for payment. Stated differently, the pretrial claim of amnesia related only to the issuance of the checks, and was unrelated to the question of dishonor. So far as the offense charged is concerned, therefore, the limited claim of loss of memory was a "neutral circumstance." United States v Olvera, 4 USCMA 134, 141, 15 CMR 134. Its neutral nature is further emphasized by defense counsel's closing argument that the evidence did not sufficiently establish that it was the accused who made and issued the checks.

Even if we assume that the pretrial

**415**

statement is sufficient to require an instruction on the effect of ▮▮ the accused's loss of memory, the failure to instruct is not open to attack on this appeal. At trial, defense counsel was accorded an opportunity to express his views on the appropriateness of an instruction on that point. He declined to comment; and he offered no objection to the law officer's interpretation of the evidence. His conduct indicates a knowing choice between inconsistent alternatives. If he pressed the claim of amnesia as affecting dishonor, he necessarily had to concede that the accused issued the checks. That concession would have required abandonment of the argument that it was not the accused who issued the checks. On the other hand, if the defense accepted the law officer's determination that the claim of drinking and lack of memory induced thereby were neutral circumstances in regard to the offenses charged, counsel could argue, consistently, that the evidence failed to establish that the accused cashed the checks. Having argued one alternative at the trial, the accused cannot substitute another on appeal, because his first choice proved unsuccessful. United States v Bowers, 3 USCMA 615, 14 CMR 33; United States v Mundy, 2 USCMA 500, 9 CMR 130.

The decision of the board of review is affirmed.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I am unable to agree with the Chief Judge that the proof in this case does not raise an issue concerning the accused's knowledge that he had written the checks involved in seven of the specifications charging dishonorable failure to maintain funds on deposit to pay them upon presentment, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. It seems to me that evidence that an accused is intoxicated and, as a consequence of that state, was unable to recall the writing or uttering of any of the checks he allegedly prepared, necessarily implies that he did not thereafter become aware of the need for depositing funds to cover these instruments. It is true that the checks and their stubs were serially numbered and easily available for his inspection during a period of sobriety, but it would also seem that these are matters which go to the credibility of his claim rather than to whether it presents a question for the resolution of the fact finders.

Nevertheless, the accused, because of his trial tactics, cannot now complain of the lack of instructional guidance on the issue. As the Chief Judge points out, the precise question was discussed by the prosecution, the law officer, and the defense counsel. The latter affirmatively indicated that he did not desire an instruction on the issue. Under the circumstances, he may not now complain that it was not given. United States v Bowers, 3 USCMA 615, 14 CMR 33; United States v Mundy, 2 USCMA 500, 9 CMR 130. Accordingly, I concur in the affirmance of the decision of the board of review.