UNITED STATES, Appellee,

v.

Private (E-1) Keith E. ALFORD, SSN
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, United States
Army, Appellant.

SPCM 13028.

U. S. Army Court of Military Review.

30 Jan. 1979.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain
William B. Ramsey, JAGC, were on the
pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain
Carl F. Meyer, Jr., JAGC, were on the
pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

PER CURIAM:

In a Memorandum Opinion dated 28 June
1978, this Court affirmed the findings of
guilty in this case, but set aside the sentence and authorized a rehearing thereon.
The rehearing was held on 31 August 1978,
and appellant was sentenced to a bad-conduct discharge. The convening authority
approved the sentence.

During the course of the rehearing the
trial counsel offered into evidence four records of nonjudicial punishment under Article 15, Uniform Code of Military Justice
(UCMJ), 10 U.S.C. § 815, one record of
vacation of a suspended punishment under
Article 15, and one record of conviction by a

summary court-martial.[1] At the time these exhibits and other documentary evidence were offered, the defense counsel announced an objection to an exhibit not involved in this appeal. After resolution of that issue, the following exchange occurred:

MJ: All right, now otherwise you, otherwise you—okay, otherwise you have no objection.

DC: That's correct, Your Honor. I had an issue in my mind as to the Summary Court-Martial conviction. Through some very recent case law I have resolved that and accordingly have no objection to the prior charged misconduct, as evidenced by exhibits 3 through 8.

The military judge thereafter received these exhibits in evidence.

■ Appellant, citing *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), now asserts that the military judge's admission of these exhibits was error. We disagree. The various records concerning nonjudicial punishment admitted in evidence in this case satisfied *Booker's* requirements for admissibility. *United States v. Rembert,* 5 M.J. 910 (A.C.M.R.), *pet. granted,* 6 M.J. 146 (C.M.A.1978); *United States v. Happel,* 5 M.J. 908 (A.C.M.R.1978). And although the record of appellant's trial by summary court-martial did not on its face meet the requirements for admissibility established by *Booker, United States v. Rivera,* 6 M.J. 535 (N.C.M.R.1978), we find that this exhibit's admissibility was established on the record when the military judge elicited from the trial defense counsel that the latter was aware of case law concerning the admissibility of a summary court-martial record, had resolved the issue of the exhibit's admissibility, and did not object to the offer. We hold that, faced with this statement by appellant's defense counsel, the military

judge was not required to take further action prior to admitting the exhibit in evidence. *Cf., United States v. Booker, supra* at 244: "If the exhibit does not affirmatively establish a valid waiver, the trial judge must conduct an inquiry *on the record* to establish the necessary information. *See United States v. Davis,* 3 M.J. 430 (C.M. A.1977); *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977) (Fletcher, C. J., concurring)." The *Booker* majority's citation of Chief Judge Fletcher's opinion in *Rivas* demonstrates that when trial defense counsel does not object to an apparently defective record of summary court-martial, the trial judge's on-the-record inquiry may consist of questions establishing the affirmative nature of the waiver.

■ In *Rivas,* a prosecution witness invoked his Fifth Amendment privilege during the trial defense counsel's cross-examination, but counsel made no motion to strike the direct testimony of the witness. Stating that the witness' assertion of privilege deprived Rivas of his Sixth Amendment right to cross-examine adverse witnesses, Chief Judge Fletcher continued, "The protection of a constitutional right is the point of demarcation between the adversary system and a trial judge's duty to elicit from a defense counsel his waiver of a right of this dimension." *United States v. Rivas, supra* at 289.[2] The import of the quoted language, in the context of *Booker* is that when a record of a summary court-martial or nonjudicial punishment is offered in evidence, and that record does not on its face reflect compliance with the requirements of the *Booker* decision, the record is nevertheless admissible if the military judge first determines that the defense counsel is aware of the *Booker* rule, and then determines that the counsel has know-

---

1. The summary court-martial conviction was reflected by a court-martial promulgating order in the format prescribed by paragraph 12–4*b* (3), AR 27–10 (C 17, 15 August 1977). The order did not show that the appellant was advised of his right to consult counsel or to demand trial by general or special court-martial, nor did it show his choices concerning these matters.

2. Unlike the situation in *Rivas,* trial defense counsel's informed decision not to litigate a matter which he had determined to be without merit does not raise the specter of ineffective assistance of counsel. *See* ABA Code of Professional Responsibility, DR 7–101(B)(2); DR 7–102(A)(2).

ingly decided to waive any objections to its receipt in evidence. *See United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), *citing United States v. Mundy*, 2 U.S.C.M.A. 500, 9 C.M.R. 130 (1953).

The findings of guilty were affirmed in our opinion dated 28 June 1978. The Court finds the sentence correct in law and fact and decides on the basis of the entire record that it should be approved. Accordingly, the sentence is affirmed.

Judge THORNOCK not participating.