UNITED STATES, Appellee,

v.

**Leslie A. STRACHAN, Private First Class U.S. Army, Appellant.**

No. 67,121.

CM 9001888.

U.S. Court of Military Appeals.

Argued June 2, 1992.

Decided Sept. 25, 1992.

For Appellant: *Captain Michael Huber* (argued); *Lieutenant Colonel James H. Weise* and *Captain Alan M. Boyd* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer* and *Lieutenant Colonel Daniel Dell'Orto* (on brief).

*Opinion of the Court*

CRAWFORD, Judge.

On June 1 and 29, 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Butzbach, Germany. Contrary to his pleas, appellant was convicted of attempted kidnapping and failure to obey a lawful general regulation, in violation of Articles 80 and 92, Uniform Code of Military Justice, 10 USC §§ 880 and 892, respectively. The court-martial sentenced appellant to a dishonorable discharge, confinement for 6 years, total forfeitures, and reduction to Private E1. The convening authority approved the sentence. On July 5, 1991, the Court of Military Review affirmed the findings and sentence in an unpublished opinion. On January 28, 1992, this Court granted appellant's petition for review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN FAILING TO INSTRUCT THE PANEL MEMBERS ON THE OFFENSE OF ASSAULT CONSUMMATED BY A BATTERY AS A LESSER INCLUDED OFFENSE OF ATTEMPTED KIDNAPPING.

### I

On February 15, 1990, appellant got off work at about 3:00 p.m. He went to the Class VI store and bought a bottle of "Mad Dog," a slang term for a brand of fortified (high alcohol content) wine. He drank the entire bottle in the space of 25–30 minutes as he made his way home. On his way to the train, a store featuring costumes and accessories caught his eye; he purchased a toy cap pistol from that store.

When he arrived home, he began firing the pistol in his house, much to the annoyance of his wife. Thereafter, appellant and his wife decided to go out for pizza for dinner. He purchased another bottle of "Mad Dog" and consumed it after dinner. When they returned home, they watched a video together, and appellant became very drunk. He again began firing the toy pistol, and his wife finally told him either to put it away or go outside with it. Appel-

lant went outside around 9:30 p.m., got into his car, and drove off.

Appellant drove around alone for a while, stopping his car at a train station where he got out and fired the toy pistol at pedestrians. He then drove into town, observed a girl, Silvia Martin, in a telephone booth, parked his car, got out, and walked toward her with his gun in hand. Silvia saw the gun and started screaming; appellant grabbed her arm, held the pistol to her head, and told her to get into his car. Silvia got into his car but as appellant went around the rear of the car to get to the driver's seat, she opened the car door and ran out screaming for help.

Appellant did not pursue Silvia but, instead, drove his car home, attempted to use the wrong key in his front door, and began beating on it until his wife let him in. He went directly to his bedroom and passed out on the bed with all his clothes on. Appellant was still drunk the next morning, evidenced by the fact that he took the wrong train to work and his wife had to pick him up from the train station and take him back to the right train.

At trial, during an Article 39(a), UCMJ, 10 USC § 839(a), session, outside the presence of the members, the military judge discussed with counsel his proposed instructions to the members. After the military judge asserted that he did not see any lesser-included offenses, he asked trial counsel and defense counsel if either believed the evidence raised any lesser-included offenses. Defense counsel opined that assault consummated by a battery constituted a lesser-included offense of attempted kidnapping. Trial counsel indicated that assault consummated by a battery was not a lesser-included offense because touching Silvia on the arm was not charged. The military judge suggested that he would instruct the members on assault consummated by a battery as a lesser-included offense of attempted kidnapping, specifically stating, "I find that assault and battery has been raised by the evidence, I'll instruct on

assault and battery because assault and battery is an intentional infliction."

At the conclusion of the Article 39(a) session prior to argument and instructions on findings, the military judge asked defense counsel the source of his contention that assault and battery is a lesser-included offense of kidnapping. The following colloquy took place:

MJ: Okay. Where do you find that assault and battery is a lesser-included offense of kidnapping?

DC: There was testimony from the victim in the case that he touched her on the arm.

TC: That's not charged. Where do you find that it's a lesser-included offense?

DC: Of attempted kidnapping, it's not, sir. The defense will withdraw that.

MJ: Okay. The government could have charged that, but they didn't.

DC: Yes, sir.

## II

■ Appellant argues that the military judge should have given an instruction on assault and battery as a lesser-included offense of attempted kidnapping despite defense counsel's withdrawal of his request for the instruction. Appellant argues that attempted kidnapping requires alleging an overt act in furtherance of the kidnap attempt, and when this overt act is an assault consummated by a battery, the assault and battery becomes a lesser-included offense. We agree that assault and battery was a lesser-included offense of attempted kidnapping because it was the overt act alleged in furtherance of the crime. We disagree, however, that the military judge was required to give an instruction on assault and battery.

■ Instructions on lesser-included offenses are required unless affirmatively waived by the defense. *See, e.g., United States v. Moore*, 12 USCMA 696, 31 CMR 282 (1962). We hold that defense counsel affirmatively indicated his desire to withdraw his request for the instruction and, thereby, waived the instruction.

■ An affirmative waiver is not the same as a passive failure to request an instruction or object to its omission. *See United States v. Taylor*, 26 MJ 127 (CMA 1988). Even if they were equivalent, the failure to make a timely and specific objection at the trial level waives any objection on appeal "in the absence of plain error." RCM 920(f), Manual for Courts–Martial, United States, 1984; *United States v. McLemore*, 10 MJ 238 (CMA 1981); *United States v. Jones*, 24 MJ 827, 829 (ACMR 1987).

■ This Court has observed that the plain-error doctrine "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Fisher*, 21 MJ 327, 328–29 (CMA 1986), *quoting United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592, n. 14, 71 L.Ed.2d 816 (1982). In order to constitute plain error, appellant must show that an obvious, substantial error occurred and that the error had an unfairly prejudicial impact in his case.

■ We hold that no obvious, substantial error occurred in this case because defense counsel knowingly and intelligently waived an instruction on the lesser-included offense after discussing the option with the military judge.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.

GIERKE, Judge, joined by Judge WISS (dissenting):

I disagree with the holding in the majority opinion that the instruction on the lesser-included offense of assault and battery was waived. In *United States v. Taylor*, 26 MJ 127, 128 (CMA 1988), this Court held that RCM 920(f), Manual for Courts-Martial, United States, 1984, imposing waiver for failure to request an instruction or object to its omission, does not apply to "[r]equired instructions" but is limited to the instructions mentioned in RCM 920(e)(7).

An instruction on lesser-included offenses is one of the "required instructions," so it must be given *sua sponte* when raised by the evidence. RCM 920(e)(2).

I recognize that our precedents permit a defense counsel to affirmatively waive an instruction on a lesser-included offense in order to present an "all or nothing" defense. *See, e.g., United States v. Snyder,* 6 USCMA 692, 21 CMR 14 (1956) (request for instruction withdrawn after defense accepted law officer [now military judge]'s suggestion that it might weaken claim of self-defense); *United States v. Bowers,* 3 USCMA 615, 14 CMR 33 (1954) (instruction waived by alibi defense strategy). Nevertheless, we have applied waiver only in those rare cases of "an affirmative, calculated, and designed course of action by a defense counsel" leading the military judge to conclude that the defense did not desire an instruction on lesser-included offenses. *See United States v. Moore,* 12 USCMA 696, 700, 31 CMR 282, 286 (1962), *quoting United States v. Mundy,* 2 USCMA 500, 503, 9 CMR 130, 133 (1953).

There was no affirmative waiver in this case or anything resembling an "all or nothing" defense. Throughout the trial, the defense focused on appellant's severe intoxication and erratic behavior. Defense counsel requested an instruction on assault and battery. After trial counsel asserted that assault and battery was not a lesser-included offense because touching the victim on the arm was not charged, defense counsel stated that he "withdr[e]w" his request. The military judge then concurred with trial counsel that touching the victim on the arm was not charged.

Both the military judge and trial counsel were wrong. *See United States v. Duggan,* 4 USCMA 396, 399, 15 CMR 396, 399 (1954) ("[W]e must look to the allegations of the specification, and proof in support thereof, in each case to determine whether a lesser offense is placed in issue.... [I]n an unbroken line of decisions we have made the test turn on both the charge and

the evidence."), *cited with approval in United States v. Zubko,* 18 MJ 378, 382 n. 6 (CMA 1984). *Cf. United States v. McMillian,* 33 MJ 257, 259 (CMA 1991) (assault was lesser-included offense of attempted robbery where the assault was the force used in the attempted robbery). Amazingly, the military judge thereafter instructed the members that the first element of the attempted kidnapping was an assault and battery, *i.e.,* that appellant "put a gun up to the head of Silvia Martin, grabbed her by the arm, led her to the car, and forced her into the car at gun point."

What we have in this case is not an affirmative waiver as part of an "all or nothing" defense but, instead, a mere failure to challenge trial counsel's erroneous assertion that assault and battery was not a lesser-included offense of attempted kidnapping. Defense counsel did not affirmatively request that the instruction be omitted, but he simply made an erroneous concession that assault and battery was not a lesser-included offense of attempted kidnapping. Defense counsel's actions in this case fell far short of the "affirmative, calculated, and designed course of action" required by *Moore.*

Defense counsel's decision to "withdraw" his request for the instruction placed him in the same position as if he had failed to request it in the first place. Failing to request an instruction on a lesser-included offense raised by the evidence does not relieve the military judge of his *sua sponte* duty to give it. *United States v. Jackson,* 12 MJ 163, 166–67 (CMA 1981). *See United States v. Langley,* 33 MJ 278, 280 n. 3 (CMA 1991). *Cf. United States v. Emmons,* 31 MJ 108 (CMA 1990) (military judge properly instructed on lesser-included offense over defense objection).

Given the posture of the evidence on specific intent, I believe that the failure to instruct on the lesser-included offense of assault and battery, a general-intent crime, was prejudicial error. Accordingly, I dissent.