**UNITED STATES**

v.

**Airman First Class Jason P. RUBENACKER, FR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.**

**ACM 30009.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 April 1992.

Decided 3 Jan. 1994.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Lieutenant Colonel Frank J. Spinner, Major Mary C. Yastishock, and Captain Robert A. Parks.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Timothy G. Buxton.

Before HEIMBURG, YOUNG, and PEARSON, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

Appellant was convicted, consistent with his plea, of use of marijuana on or about 1 October 1991. Charged with possessing 10 tablets (doses) of lysergic acid diethylamide (LSD) with intent to distribute, appellant pleaded guilty, by exceptions and substitutions, to possessing two tablets of LSD without intent to distribute them. Court members found him guilty as charged. His approved sentence is a bad-conduct discharge, 12 months confinement, forfeiture of $400 pay per month for 12 months, and reduction to E–1. He has cited two errors for our consideration. Finding merit in neither, we affirm.

In his first assignment of error, appellant argues the military judge denied him "due process of law" by instructing the members on a conspiracy theory of vicarious liability, under which they convicted him of possessing 10 tablets of LSD with intent to distribute, even though no conspiracy was charged.

The evidence showed appellant and Airman Reynolds purchased 10 tablets of LSD from an undercover Air Force Office of Special Investigations (AFOSI) agent. A former airman, Eric Weaver, testified appellant asked him about the possibility of acquiring LSD, and told him there were a number of people to whom he wanted to distribute the LSD. Weaver reported the matter to AFOSI and then, at their request, spoke with appellant to set up a time and place for the sale. At the site of the sale, appellant was accompanied by Airman John Reynolds, with whom he had agreed to buy and share the 10 tablets: 2 tablets for appellant and 8 tablets for Reynolds. AFOSI agents made the actual sale. Special Agent Ashe testified both Reynolds and appellant were at the transfer point, but appellant did most of the talking, so he was "surprised" when Reynolds gave him the money and received the LSD. Two other airmen testified appellant told them he could get LSD, which he would provide to them.

Appellant's written confession was introduced in evidence without objection. In his confession, appellant said, "We (Airman Reynolds and he) sat around drinking beer and talked about drugs. We decided if we did get LSD that I would purchase 2 hits and John [Reynolds] would purchase 10." After mentioning he told other airmen he could get LSD for them, appellant described the actual sale:

We agreed on the price of $4.00 a hit for ten hits. We originally had asked for 12 hits, but only got ten. [The AFOSI agent] reached in the car and pulled out a plastic bag containing the LSD.... Although John provided [the AFOSI agent] with the money, one or two of the hits were considered to be mine. John and I had planned on buying the LSD.... The original plan was to use some of the LSD on Saturday morning. The other hits of LSD were to be stored at John's house....

"Conspiring with another to accomplish a result is similar to—but distinct from—aiding and abetting the other person to accomplish that result." *United States v. Jefferson*, 22 M.J. 315, 323 (C.M.A.1986) (citations omitted). An aider and abettor is not necessarily guilty of a conspiracy, for, even though aider and abettor responsibility derives from conspiracy theory, it is the more general concept. *See United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319, 331 (1955) (Latimer, J., concurring in the result). Proof of a conspiracy requires two elements not required for proof of aiding and abetting: that there was a distinct agreement to do the criminal act, and that one or more of the co-conspirators performed an overt act in furtherance of the conspiracy while the agreement continued. *Compare* Article 77(1), 10 U.S.C. § 877(1), *with* Article 81, UCMJ, 10 U.S.C. § 881 (1988). While a conspiracy exists, all persons party to the conspiracy are responsible for substantive offenses committed by other co-conspirators in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 646, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946); *United States v. Salisbury*, 14 U.S.C.M.A. 171, 33 C.M.R. 383, 387 (1963).

It is clear from the above discussion that appellant suffered no prejudice from the instructions requiring the court members to find a conspiracy in order to find

him guilty of possessing all 10 tablets of LSD, *unless* it was improper to use conspiracy theory when appellant was not charged with conspiracy. We have found no case directly holding that conspiracy theory may be used to support a conviction in this manner. *But cf. Jefferson,* 22 M.J. at 317 (*dicta* concerning alternative basis for upholding felony-murder conviction); *United States v. Lucas,* 33 C.M.R. 511 (A.B.R.1962), *pet. denied,* 33 C.M.R. 436 (C.M.A.1962) (conviction of larceny and wrongful sale of stolen government property on conspiracy theory, but issue not raised). Nevertheless, we believe "the language of Article 77(1) is broad enough to encompass" conspiracy as a more particular form of aiding and abetting. *See Jefferson,* 22 M.J. at 324. We find the military judge's instructions correct in law. Even if we found them unsupported in law, however, we note the trial defense counsel discussed this instruction at length with the military judge and interposed no objection. Trial defense counsel's affirmative agreement with the instruction gives appellant no basis to argue plain error. *See United States v. Strachan,* 35 M.J. 362, 364 (C.M.A.1992).

 In his second assignment of error, appellant argues his plea of guilty to possessing two tablets of LSD was improvident because he did not actually possess the LSD and the military judge did not ask whether he acted as an aider and abettor or co-conspirator. We have carefully examined the providence inquiry. The military judge defined "possess," telling appellant it means "to exercise control of something." He told appellant it is possible "for more than one person to possess an item simultaneously, as when several people share control of an item." Appellant told the military judge he had Airman Reynolds take the LSD because he "didn't want them on [his] person," but he felt two of the tablets of LSD belonged to him, he intended to pay Airman Reynolds for them, and he believed he could "control the destiny" of those two tablets.

We find this inquiry more than adequate. The military judge properly instructed appellant on the meaning of the term "possess" and ascertained during a colloquy with appellant that he exercised "dominion and control" over the two tablets of LSD, even though the tablets were in Airman Reynolds's hands. *See United States v. Aloyian,* 16 U.S.C.M.A. 333, 36 C.M.R. 489, 501 (1966); MCM, Part IV, paragraph 37c(2) (1984).

We conclude the findings and the sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges YOUNG and PEARSON concur.