UNITED STATES, Appellant

v.

Juan R. GUTIERREZ, Private First Class
U.S. Army, Appellee

No. 06-5005

Crim. App. No. 20040596

United States Court of Appeals for the Armed Forces

Argued November 14, 2006

Decided February 20, 2007

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., joined. BAKER, J., filed a dissenting opinion.

STUCKY and RYAN, JJ., did not participate.

Counsel

For Appellant: Captain Trevor B. A. Nelson (argued); Colonel
John W. Miller II, Lieutenant Colonel Michele B. Shields, Major
Paul T. Cygnarowicz, and Major William J. Nelson (on brief).

For Appellee: Captain Patrick B. Grant (argued); Colonel John
T. Phelps II, Lieutenant Colonel Steven Henricks, and Major
Fansu Ku (on brief).

Military Judge: Stephen R. Henley

**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Private First Class Juan R. Gutierrez entered pleas of not guilty to one specification of assault with intent to commit rape, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), and one specification of making an official statement with intent to deceive, in violation of Article 107, UCMJ, 10 U.S.C. § 907 (2000). Prior to findings, the specification under Article 107, UCMJ, was dismissed without prejudice upon the Government's motion. The court-martial members were instructed on the offense of intent to commit rape and two lesser included offenses, indecent assault and assault consummated by battery. Gutierrez was found not guilty of assault with intent to commit rape but he was convicted of one of the two lesser included offenses, assault consummated by battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2000). Gutierrez was sentenced to two months of confinement and a bad-conduct discharge. The sentence was subsequently approved by the convening authority.

The United States Army Court of Criminal Appeals reviewed the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866 (2000), and specified an issue as to whether the military judge erred by not instructing the panel members sua sponte on the defense of mistake of fact as it applied to the offense of assault consummated by a battery. United States v. Gutierrez, 63 M.J.

2

United States v. Gutierrez, No. 06-5005/AR

568, 569 (A. Ct. Crim. App. 2006). The lower court found that Gutierrez had not affirmatively waived the defense of mistake as it applied to assault consummated by a battery and that the military judge had therefore erred in not giving the instruction. Id. at 573-74. The Court of Criminal Appeals set aside the findings and sentence and authorized a rehearing. Id. at 575. The Court of Criminal Appeals subsequently denied the Government's motion for reconsideration. The Judge Advocate General of the Army certified the affirmative waiver issue to this court under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000).[1]

The affirmative defense of mistake of fact is a required instruction under Rule for Courts-Martial (R.C.M.) 920(e)(3). When this defense is reasonably raised by the evidence, the military judge is duty-bound to give an instruction, unless it is affirmatively waived. See United States v. Wolford, 62 M.J. 418, 422 (C.A.A.F. 2006); United States v. Barnes, 39 M.J. 230, 233 (C.M.A. 1994). The issue certified by the Judge Advocate General asks us to determine whether Gutierrez's defense counsel

---

[1] The certified issue on review is:

> WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL
> APPEALS ERRED IN HOLDING THAT THE TRIAL DEFENSE COUNSEL
> DID NOT AFFIRMATIVELY WAIVE AN AFFIRMATIVE DEFENSE
> INSTRUCTION WITH RESPECT TO A LESSER-INCLUDED OFFENSE.

63 M.J. 469 (C.A.A.F. 2006).

3

affirmatively waived an instruction on the defense of mistake of fact as it related to the lesser included offense of assault consummated by battery. We conclude that defense counsel's statement was an affirmative waiver and therefore reverse the decision of the Court of Criminal Appeals.

## Background

The allegations underlying the charge against Gutierrez for assault with intent to commit rape involved holding the victim down and touching her breasts and vagina. At the close of the evidence, in an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), session outside the presence of the court-martial members, the military judge discussed instructions with counsel. The Government requested that the military judge instruct the members on two lesser included offenses of assault with intent to commit rape, i.e., indecent assault and assault consummated by battery. Defense counsel did not oppose the request and all remaining lesser included offenses were expressly waived.

The military judge then discussed defense counsel's request for a mistake of fact instruction for two of the three offenses: assault with the intent to commit rape and indecent assault. Following a discussion of those two requested instructions, the military judge asked the defense counsel the following question: "And there doesn't appear to be any mistake of fact instruction with regard to battery. Are you requesting one?" Defense

counsel responded: "Your Honor, I simply do not want to request one for the battery." The final instructions included a mistake of fact instruction for assault with the intent to commit rape and for indecent assault, but not for assault consummated by battery. Gutierrez was convicted of assault consummated by battery.

On review at the Court of Criminal Appeals, the lower court determined that: (1) the evidence reasonably raised the defense of mistake of fact with regard to the lesser included offense of assault consummated by battery; (2) defense counsel's statement that he "did not want to request" the instruction was not the result of a carefully considered tactic and was insufficient to establish affirmative waiver[2]; and (3) there was a reasonable doubt as to whether Gutierrez would have been found guilty if the military judge had properly instructed the panel on how the mistake of fact defense applied to assault consummated by battery. Gutierrez, 63 M.J. at 572-75.

Before this court, the Government contends that defense counsel's statement was an unambiguous waiver of the mistake of fact instruction for assault consummated by battery. The

---

[2] The Court of Criminal Appeals found that "when viewed in context of the entire defense case, the statement was little more than an off-the-cuff acquiescence to the military judge's erroneous assertion that the instruction on mistake of fact was not applicable to the offense of assault consummated by a battery." Gutierrez, 63 M.J. at 574.

United States v. Gutierrez, No. 06-5005/AR

Government argues that although the lower court disagreed with defense counsel's choice to waive the mistake of fact defense as to assault consummated by battery, he did so decisively, while explicitly requesting the same instruction for the other two offenses.  According to the Government, defense counsel's affirmative waiver was a tactical decision.

Gutierrez urges us to adopt the lower court's reasoning.  He argues that defense counsel was confused about the mistake of fact defense and the statement in question, "I simply do not want to request one for the battery," was a simple acquiescence to the military judge's assertions on the matter, not an affirmative waiver.  Gutierrez contends that the entire defense theory was mistake of fact and that there is no plausible reason that defense counsel would discard this complete defense with regard to one of the lesser included offenses.

## Discussion

A military judge has a sua sponte duty to give certain instructions when reasonably raised by the evidence, even though the instructions are not requested by the parties.  United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F. 2002).  The defense of mistake of fact is an affirmative defense and a "required instruction" under R.C.M. 920(e)(3).  An accused does not waive his right to this instruction by failure to request it or by failure to object to its omission.  United States v. Taylor, 26

M.J. 127, 128-29 (C.M.A. 1988).  However, even if an affirmative

defense is reasonably raised by the evidence, it can be

affirmatively waived by the defense.  Barnes, 39 M.J. at 233

(citing United States v. Strachan, 35 M.J. 362, 364 (C.M.A.

1992)).[3]  This court has recognized that there are no magic words

to establish affirmative waiver.  United States v. Smith, 50

M.J. 451, 456 (C.A.A.F. 1999).  In making waiver determinations,

we look to the record to see if the statements signify that

there was a "purposeful decision" at play.  Id.  We review this

instructional claim de novo.  Wolford, 62 M.J. at 420.

Initially, we agree with the Court of Criminal Appeals that

the evidence reasonably raised the defense of mistake of fact to

the offense of assault consummated by a battery.  As noted by

---

[3] In recognizing that our jurisprudence allows affirmative waiver
of affirmative defenses, we are mindful that the dissent
suggests that United States v. Taylor, 26 M.J. 127 (C.M.A.
1988), and United States v. Steinruck, 11 M.J. 322 (C.M.A.
1981), serve as precedent for the opposite conclusion.  We
disagree.  Neither Taylor nor Steinruck addresses affirmative
waiver.  In Taylor, the court noted that a military judge has a
sua sponte duty to give an affirmative defense instruction when
reasonably raised by the evidence.  Taylor, 26 M.J. at 128-29
(citing Steinruck, 11 M.J. at 324).  The court then proceeded to
decide whether failure to request the instruction constituted
waiver and concluded:  "the right to an instruction on
reasonable mistake of fact in a rape case, when appropriately
raised, is not waived by a defense failure to request such an
instruction."  Id. at 129.  Similarly, in Steinruck the court
held that it was error for the military judge to fail to
instruct on a defense raised by the evidence where defense
counsel merely failed to request the instruction.  11 M.J. at
324.  These decisions, which stand for the proposition that
passive waiver will not be recognized in this context, do not

that court, "the charged offense of assault with the intent to commit rape and the lesser-included offenses of indecent assault and assault consummated by battery shared a common element; that the accused inflicted 'bodily harm' on [the victim]." Gutierrez, 63 M.J. at 572. The military judge found that the mistake of fact instruction was required for assault to commit rape and for indecent assault. As the same legal requirements and facts were alleged for the common element of the offenses, the defense of mistake of fact for assault consummated by battery was reasonably raised by the evidence.

During the Article 39(a), UCMJ, session, the military judge raised a possible mistake of fact instruction for assault consummated by battery and specifically asked the defense counsel: "Are you requesting one?" The question was clear and defense counsel's response was equally as clear: "I simply do not want to request one for the battery." The issue before us is whether, in the context of the entire record, this statement constitutes an affirmative waiver.

We have reviewed on numerous occasions whether the words and actions of counsel constitute "affirmative waiver" in the context of instructions on lesser included offenses. Like affirmative defenses, lesser included offenses are required instructions under R.C.M. 920(e) and cannot be waived simply by

_____

require that affirmative waiver of affirmative defenses be

8

counsel's failure to request such instructions.  <u>Smith</u>, 50 M.J. at 455-56.  We have previously relied on cases that address waiver in the context of lesser included offenses to inform our consideration of waiver issues that arise in the context of affirmative defenses and vice versa.  See <u>Barnes</u>, 39 M.J. at 233 (citing <u>Strachan</u>, 35 M.J. at 364); <u>Strachan</u> 35 M.J. at 364 (citing <u>Taylor</u>, 26 M.J. at 127).  We do so here as well.

In <u>United States v. Mundy</u>, 2 C.M.A. 500, 503-04, 9 C.M.R. 130, 133-34 (1953), we concluded that counsel's deferential statements as to the defense's position on lesser included offense instructions constituted affirmative waiver of the instructions.  These statements included:  "The defense would leave it up to the law officer without submitting any specific recommendations or committing itself one way or the other" and "defense will consent to the ruling of the law officer."  2 C.M.A. at 503, 9 C.M.R. at 133.  In <u>Smith</u>, 50 M.J. at 456, we determined that counsel's statement in response to the military judge's proposed instructions, "[t]hat's not exactly what I wanted, but it's close," amounted to a conscious choice to omit lesser included offenses that defense counsel previously discussed with the military judge and was therefore, affirmative waiver.  In <u>Strachan</u>, 35 M.J. at 364, we held there was affirmative waiver when counsel withdrew his request for a

---

disallowed.

United States v. Gutierrez, No. 06-5005/AR

lesser included offense instruction after a brief discussion of its applicability with the military judge. In United States v. Pasha, 24 M.J. 87, 91 (C.M.A. 1987), we found that affirmative waiver of instructions on lesser included offenses stemmed from counsels' expressed satisfaction and agreement with the determination of the military judge that certain lesser included offense instructions did not apply.

Comparatively, defense counsel's statement in this case, "I simply do not want to request one for the battery," when considered in context is as decisive, if not more decisive, than these other examples. Defense counsel was presented with the opportunity to request or decline the mistake of fact instruction as to assault consummated by battery. He chose to decline it, and in doing so he affirmatively waived his right to the instruction.

Our consideration of the exchange between the military judge and the defense counsel, in the context of the whole record, leaves us with no doubt that defense counsel's statement was a purposeful decision to forego the defense instruction as to assault consummated by battery. We hold that defense counsel affirmatively waived the instruction.

## Decision

We answer the certified issue in the affirmative. The decision of the United States Army Court of Criminal Appeals is

United States v. Gutierrez, No. 06-5005/AR

reversed.  The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further review pursuant to Article 66(c), UCMJ.

BAKER, Judge (dissenting):

I agree with the majority's conclusion that Appellant waived, or sought to waive, the affirmative defense of mistake of fact with respect to the lesser included offense of battery. The military judge asked defense counsel, "[a]nd there doesn't appear to be any mistake of fact instruction with regard to battery.  Are you requesting one?"  Defense counsel's response is plain and unambiguous:  "Your Honor, I simply do not want to request one for the battery."  Although it is possible for lawyers to craft language that is more direct and plain than this language, there is not much room to do so.

However, the majority does not address the resulting and underlying question -- whether a military judge has a sua sponte duty to instruct on an affirmative defense that is reasonably raised, regardless of an apparent affirmative waiver.  On this point, the majority concludes that "even if an affirmative defense is reasonably raised by the evidence, it can be affirmatively waived by the defense."  This position is supported by a citation to United States v. Barnes, 39 M.J. 230, 233 (C.M.A. 1994).  Barnes in turn cites United States v. Strachan, 35 M.J. 362, 364 (C.M.A. 1992), as purported authority for the proposition.  However, Strachan is a case addressing waiver of an instruction on a lesser included offense rather than waiver of an instruction on an affirmative defense.  Id.

United States v. Gutierrez, No. 06-5005/AR

The lead opinion does not address the language in United States v. Taylor, 26 M.J. 127 (C.M.A. 1988) or United States v. Steinruck, 11 M.J. 322 (C.M.A. 1981), in which this Court stated that "a 'military judge has a duty to instruct' on affirmative defenses reasonably raised by the evidence, 'regardless of defense theories or requests.'" Taylor, 26 M.J. at 128 (quoting Steinruck, 11 M.J. at 324). The Taylor court stated that this principle was "so well-established" and is based on Article 51(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 851(c) (2000), not Rule for Courts-Martial (R.C.M.) 920(f). Id. at 128-29. However, at the same time Taylor also states that "with respect to other offenses and other affirmative defenses, a parallel also exists between the test for a sua sponte duty to instruct on a lesser-included offense and the test for instructing on an affirmative defense." Id. at 129. Thus, while it is well settled that an accused can waive a lesser included offense, United States v. Mundy, 2 C.M.A. 500, 9 C.M.R. 130 (1953), it is not settled that an accused can waive an affirmative defense, or if so, which ones. In light of the significance of the reasonable doubt principles involved, this Court should address the underlying issue directly. Then, it should either expressly overrule Taylor and Steinruck and state its reasons for doing so, or affirm the decision of the United States Army Court of Criminal Appeals not just on the ground of

2

waiver, but on the necessarily correlated ground that an

instruction on the affirmative defense presented was not

required to be provided sua sponte by the military judge.[1]

On the one hand, Article 51(c), UCMJ,[2] and R.C.M. 920(e)[3]

appear to be consistent with the legal policy principle that a

---

[1] The majority responds with a discussion of case law.  However, the case law is uncertain and does not address the question ultimately raised in this case.  The issue for this Court is not how best to interpret this Court's past precedent, but what precedent this Court will set as to whether an accused can affirmatively waive the government's obligation to prove guilt beyond a reasonable doubt where the government bears the burden of rebutting an affirmative defense that is reasonably raised. Whatever one's position on this question, it merits analysis.

[2] This statutory provision reads as follows:

> (c)  [T]he military judge . . . shall . . . instruct the members of the court as to the elements of the offense and charge them --
>
> (1)   that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond reasonable doubt;
> (2)   that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;
> (3)   that, if there is reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and
> (4)   that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the United States.

[3] This rule reads in relevant part:

> (e)  Required instructions.  Instructions on findings shall include:

3

court-martial is a factfinding process intended to serve justice and not merely serve as a forum for the demonstration of trial advocacy and tactics.  If a court's concern is ultimately in determining beyond a reasonable doubt whether an accused is guilty, then we should read Article 51(c), UCMJ, and especially R.C.M. 920(e) to mean what they say:  an instruction on an affirmative defense or lesser included offense is required if reasonably raised.  Society's interest in justice should prevail over any tactical advantage counsel may foresee in requesting an instruction on an affirmative defense to a greater offense, but purportedly waiving that same defense to the lesser included offense.

On the other hand, the Supreme Court and this Court have long held that an accused can waive certain core constitutional rights, such as the right to trial itself, provided the accused does so knowingly and voluntarily on the record.  See United States v. Care, 18 C.M.A. 535, 538-40, 40 C.M.R. 247, 250-52

---

> (1)  A description of the elements of each offense charged, unless findings on such offenses are unnecessary because they have been entered pursuant to a plea of guilty;
> (2)  A description of the elements of each lesser included offense in issue, unless trial of a lesser included offense is barred by the statute of limitations . . . and the accused refuses to waive the bar;
> (3)  A description of any special defense under R.C.M. 916 in issue[.]

4

(1969).  However, an accused cannot waive some rights.  Once he decides to plead not guilty and exercise his right to a trial on the merits, an accused cannot waive the government's burden to prove his guilt beyond a reasonable doubt.  Consistent with this precedent, in military practice an accused can affirmatively waive an instruction on a lesser included offense, and in effect make the tactical decision to gamble on a conviction of the greater offense or full acquittal.  This is sometimes referred to as the "all-or-nothing doctrine."  Catherine L. Carpenter, The All-or-Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?, 26 Am. J. Crim. L. 257 (1999).  This practice is consistent with the legal policy that where an accused's liberty and reputation are at stake, he ought to have the opportunity to present his defense based on his theory of the case and to employ the tactics best suited to support that theory.

If this latter position is the correct legal position, as this Court has held regarding lesser included offenses, then the question is whether the same conclusion should be reached in the case of an affirmative defense that is reasonably raised.  After all, the Taylor Court expressed its belief that "with respect to other offenses and other affirmative defenses, a parallel also exists between the test for a sua sponte duty to instruct on a lesser-included offense and the test for instructing on an

affirmative defense." 26 M.J. at 129. The requirement to instruct in both instances is premised on the same article of the UCMJ and the same provision in the <u>Manual for Courts-Martial, United States</u> (<u>MCM</u>). Thus, absent a compelling legal reason why an instruction on a lesser included offense might be waived, but an instruction on an affirmative defense may not, the rule as to both should be the same and this Court should expressly overrule <u>Taylor</u>.

However, a compelling legal reason for treating the two situations differently can be found in the government's burden of proof beyond a reasonable doubt. Regarding affirmative defenses, the <u>MCM</u> states, "Except for the defense of lack of mental responsibility and the defense of mistake of fact as to age . . . in a prosecution for carnal knowledge, the prosecution shall have the burden of proving beyond a reasonable doubt that the defense did not exist." R.C.M. 916(b). The Drafters' Analysis to R.C.M. 916(b) states that "[t]his subsection is based on the fourth paragraph of paragraph 214 of the <u>MCM</u>, 1969 (Rev.)." <u>MCM</u>, Analysis of the Rules for Courts-Martial app. 21 at A21-63 (2005 ed). The fourth paragraph of paragraph 214 of the revised edition of the 1969 <u>MCM</u> states: "The burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the Government, both with respect to those elements of the offense which must be established in every case

and with respect to issues involving special defenses which are raised by the evidence."  Thus, while it is permissible to assign the burden of proving affirmative defenses to the accused, see Patterson v. New York, 432 U.S. 197, 215-16 (1977); Martin v. Ohio, 480 U.S. 228, 234-36 (1987), the President has granted the military accused a degree of process that requires the government to disprove certain affirmative defenses as part of its ultimate burden of proving the offense beyond a reasonable doubt.  Because an accused is presumed innocent, in cases where such an affirmative defense is reasonably raised, and where the government does not rebut or answer such a defense, a reasonable doubt as to guilt should arise.  While an accused can waive many constitutional rights, an accused cannot waive the government's burden at trial of proving guilt beyond a reasonable doubt.  See In re Winship, 397 U.S. 358, 363-64 (1969).

For these reasons, I would conclude that for those defenses in which the government bears the burden of rebutting a reasonably raised defense, an accused cannot waive the instruction anymore than he can waive the application of the reasonable doubt standard.  However, if the accused has the burden of raising an affirmative defense, as well as the burden of persuasion and the burden of proof, an accused should be allowed to waive the defense.

The waiver of a lesser included offense is distinct from the waiver of an affirmative defense for which the government bears the burden of rebuttal. In the case of a waived lesser offense, the government is not relieved of its burden to prove the offense beyond a reasonable doubt. In undertaking its burden to prove the greater offense beyond a reasonable doubt, the government will necessarily also shoulder its burden to prove the lesser offense beyond a reasonable doubt. However, allowing the lesser offense to go to the members and purportedly waiving a raised affirmative defense to that offense amounts to waiving the government's burden of proving the lesser offense beyond a reasonable doubt.

In this case, Appellant was charged with assault with intent to commit rape. Neither the parties nor the majority take issue with the fact that the lesser offenses of indecent assault and assault consummated by a battery were raised. Nor is there disagreement at this point that the affirmative defense of mistake of fact was raised as to the charged offense, as well as both lesser included offenses. Since the military judge gave a mistake of fact instruction regarding the charged offense and the lesser offense of indecent assault, the debate now hinges on whether Appellant waived an instruction on the defense to assault consummated by a battery. As the defense is one for which the Government had the burden of disproving beyond a

reasonable doubt under R.C.M. 916(b), I conclude that
notwithstanding defense counsel's purported affirmative waiver
of the defense, the military judge was required to give the
instruction once the members were also instructed on the lesser
included offense of assault consummated by a battery.  Had
Appellant waived this lesser included offense, then an
instruction on the affirmative defense would not have been
required.  As a result, I respectfully dissent.